Kenneth L Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704
kenandbetseyallen@msn.com
in Proper Person



## United States District Court

### District of Arizona

Kenneth Allen

    Plaintiff,

vs.

Barry Soetoro, aka Barack Obama, et. al;

    Defendant's

Case No.: No. 09-CV-00373-TUC-FRZ

**PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

Now comes Plaintiffs and hereby move's this court for an order granting leave to amend the Plaintiffs complaint as set forth in this Motion for leave to amend pursuant to FRCP Rule 15 (a).

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Through this motion, Plaintiff (Kenneth Allen) seeks leave Amend his Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). Amended Complaint, attached hereto as Exhibit A, adds additional factual allegations relating to Plaintiffs Claim pursuant the Freedom of Information Act 5 USC § 552 and 552 (a). It also strikes the Names of Government Employees from the Complaint.

**II. STATEMENT OF FACTS**

Plaintiff ( Kenneth Allen ) filed this lawsuit on July 6th, 2009, and then on or about July 7th 2008 I filed an Amendment changing venue from 28 USC 1340 to 1391. Since filing the complaint I discovered additional information necessitating the filing of this Amended Complaint. The Plaintiff ( Kenneth Allen) contacted Defendants counsel ( Brigham J. Bowen) on September

15th 2009 and I told him via email that I wanted to Amend my complaint before he answered the original complaint. Mr Bowen (Attorney for the defendants) said he would be looking forward to receiving the Amended Complaint on the presumption that I would not be adding any further defendants (who would need to be served). In a responsive email I told Mr. Bowen I assured him there were no other Defendants just that I would be removing the names of employee's complying with FOIA.

### III. ARGUMENT

**A. Leave Should Be Granted To Amend the Complaint.**

**1. Leave Is Freely Granted.**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The United States Supreme Court, the Ninth Circuit, and this Court have repeatedly reaffirmed that leave to amend is to be granted with "extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citation omitted); *see, e.g., Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962) (leave to amend should be freely given); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *resumption* under Rule 15(a) in favor of granting leave to amend.") (emphasis in original); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (courts should be guided by policy favoring decisions on the merits "rather than on the pleadings or technicalities"); *Cooper Development Co. v. Employers Insurance of Wausau*, 765 F. Supp. 1429, 1432 (N.D. Cal. 1991) (courts have been "quite liberal" in granting leave to amend); *Building Service Employees Pension Trust v. Horsemen's Quarter Horse Racing Association*, 98 F.R.D. 458, 459 (N.D. Cal. 1983) (same); *see also* Moore, *3-15 Moore's Federal Practice - Civil* § 15.14 ("A liberal, pro-amendment ethos dominates the intent and judicial construction of Rule 15(a)."). The primary factors relied upon by the Supreme Court and the Ninth Circuit in denying a motion for leave to amend are "bad

faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs*, 833 F.2d at 186. None of these factors are present here.

**B. Amendment Should Be Permitted.**

The purpose of the Amended Complaint is clear the proper party to serve was the United States Attorney Office and not the Attorney General himself, the employess of the Federal Government are not the proper parties to serve.

("Neither the Freedom of Information Act nor the Privacy Act creates a cause of action for a suit against an individual employee of a federal agency."); Harrison v. Lappin, No. 04-0061, 2005 WL 752186, at *3 (D.D.C. Mar. 31, 2005) (same); Buckles v. Indian Health Serv./Belcourt Serv. Unit, 268 F. Supp. 2d 1101, 1102 (D.N.D. 2003) (same); Eison v. Kallstrom, 75 F. Supp. 2d 113, 115-16 (S.D.N.Y. 1999) (recognizing that FOIA creates no cause of action against individual defendants, but allowing pro se plaintiff to amend Complaint to substitute agency as defendant); Barvick v. Cisneros, 941 F. Supp. 1015, 1017 n.2 (D. Kan. 1996) (ruling that the only proper party defendant in a FOIA action is the agency, not an individual federal official); see also Payne v. Minihan, No. 97-0266SC, slip op. at 14-15 (D.N.M. Apr. 30, 1998) (agreeing with majority view that agency personnel are not proper parties to FOIA suit, but nevertheless declining to dismiss action, because agency did "not challenge" suit on basis of improper party and was "on notice" of suit), aff'd sub nom. Payne v. NSA, 232 F.3d 902 (10th Cir. 2000) (unpublished table decision); cf. Thomas v. FAA, No. 05-2391, 2007 WL 219988, at *3 (D.D.C. Jan. 25, 2007) (noting that proper defendant in FOIA case is federal agency and, "[t]herefore, Plaintiff cannot obtain a Bivens remedy for an alleged violation of FOIA by the [individual] defendants").

[88] See Sanders v. United States, No. 96-5372, 1997 WL 529073, The proper party to may complaint would be the agency's the Department of Homeland Security and the State Department. There is the mention of Janet Napolitano remaining within the complaint but it is merely a statement and not a claim. My intension here are to have documents disclosed, I have

no intension of seeking any other actions against the employee's of the Defendants within this Honorable Court.

**IV. CONCLUSION**

For the reasons discussed above, plaintiff respectfully seeks leave of this Court to file the proposed Amended Complaint.

Respectfully submitted,

Thursday, September 17, 2009

Kenneth Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730