TONY WEST
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRIGHAM J. BOWEN (DC Bar No. 981555)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C. 20044
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH ALLEN,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY and U.S. DEPARTMENT OF STATE, *et al.*,<br><br>    Defendants. | 09-CV-00373-TUC-FRZ<br><br>**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

     Pursuant to Fed. R. Civ. P. 12(b), Defendants the U.S. Department of Homeland Security and the U.S. Department of State hereby move the Court to dismiss, in part, this Freedom of Information Act action for lack of jurisdiction and for failure to state a claim for which relief can be granted. The grounds justifying dismissal are set forth in the accompanying memorandum.

Dated: October 5, 2009                  Respectfully submitted,

                                           TONY WEST
                                           Assistant Attorney General

                                           ELIZABETH J. SHAPIRO
                                           Deputy Branch Director

      *s/ Brigham J. Bowen*
BRIGHAM J. BOWEN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

*Attorneys for Defendants*

TONY WEST
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRIGHAM J. BOWEN (DC Bar No. 981555)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C.  20044
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH ALLEN, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY and U.S. DEPARTMENT OF STATE, *et al.*, <br><br> Defendants. | 09-CV-00373-TUC-FRZ <br><br> **MEMORANDUM IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** |

By this Freedom of Information Act ("FOIA") action, *pro se* Plaintiff Kenneth Allen seeks private passport, travel, and other records relating to President Barack Obama, his mother, Stanley Ann Dunham, and his mother's former husband, Lolo Soetoro, from the U.S. Department of State ("DOS") and the U.S. Citizenship and Immigration Service ("USCIS").[1] In submitting these requests, Plaintiff has failed to comply with agency regulations promulgated to protect the personal privacy of U.S. citizens and residents.  Defendants therefore move the Court to dismiss Plaintiff's Amended Complaint [Dkt. #11-1] with respect to records concerning President Obama.

---

[1] USCIS is a component of the U.S. Department of Homeland Security ("DHS"), and is the agency to which Allen has directed his FOIA requests.

## I. BACKGROUND

Four FOIA requests submitted by Allen (two to USCIS and two to DOS) are at issue in this litigation. The first USCIS request, sent on February 9, 2009, requested a variety of putative records regarding the President, including "an original copy" of the President's birth certificate, "immigration records," naturalization records, name-change records, and passports. Am. Compl. ¶ 14 & Defs.' Ex. A ("2/9 USCIS Request"). USCIS responded to this request on February 19, 2009, and informed Allen that "DHS regulations require, in the case of third party information requests, a statement from the individual verifying his or her identity and certifying that individual's agreement that records concerning him or her may be accessed, analyzed and released to a third party." Defs.' Ex. B ("2/19 USCIS Response") at 2 (citing 6 C.F.R. § 5.21(f)); *see also* Am. Compl. ¶ 15. Because Allen had not complied with these regulations, USCIS requested that Allen provide the necessary privacy waiver within thirty days and informed Allen that the FOIA request would be administratively closed for failure to comply after that time. 2/19 USCIS Response at 2.

Allen did not respond directly to this letter; rather, he submitted a new, revised FOIA request, dated March 1, 2009. Am. Compl. ¶ 16 & Defs.' Ex. C ("3/1 USCIS Request"). In this second request, Allen sought many of the same putative documents (not including the birth certificate), but altered the request to refer to "Barry Soetoro," instead of Barack Obama. 3/1 USCIS Request at 1-2. In addition, Allen sought copies of "Stanley Ann Obama, aka Stanley Ann Dunhams, aka Stanley Ann Soetoro's" passport, as well as the "passport history of Lolo Setoro, M.A." *Id.* at 2. USCIS received this request on March 18, 2009, and responded on that same day by requesting the previously-requested waiver, signed by the "subject of record." Defs.' Ex. D ("3/18 USCIS Response"); *see also* Am. Compl. ¶¶ 16, 35.

On March 31, 2009, Allen filed an administrative appeal to USCIS regarding its response to his second FOIA request, contending, *inter alia*, that federal privacy laws, such as the Privacy Act and the privacy-related exemptions embodied in the FOIA, apply only to

U.S. citizens and permanent resident aliens, and not to other foreign persons.  Am. Compl. ¶ 18 & Defs.' Ex. E ("Allen USCIS Appeal").[2]  At the time this lawsuit was commenced, this appeal remained pending before USCIS.[3]

Separately, Allen submitted a FOIA request to the U.S. Department of State on February 4, 2009, seeking "information that would pertain to aka Barry Soetoro or Barack H Obama," in addition to "a copy of Barack Obamas legal name" and "Barack h. Obama's Birth certificate from Hawii."  Defs.' Ex. 6 ("2/4 State Request").  The Department of State sent Allen an e-mail acknowledgment on February 17, 2009, and informed Allen that requests for third-party information "cannot be processed without the required original [privacy-waiver] documentation required in our FOIA regulations."  Defs.' Ex. H ("2/17 State Response") (citing 22 C.F.R. § 171.12(a)).  DOS further instructed Allen to resubmit his request by mail with the necessary documentation.  *Id.*  Allen responded by submitting another request, dated February 20, 2009, seeking a broader range of records concerning President Obama, including "immigration records," educational records from Indonesia, "[r]ecords showing if Barry Seotoro is Barack H. Obamas legal name," and passports. Defs.' Ex. I ("2/20 State Request"); *see also* Am. Compl. ¶ 44.  In this second request, Allen also sought Stanley Ann Dunham's passports.  2/20 State Request at 2.  DOS responded on June 1, 2009, again informing Allen, *inter alia*, that requests for third-party records must be

---

[2] This appeal addressed only the second of Allen's requests to USCIS. Allen USCIS Appeal at 2 ("And the request I am appealing is the request dated March 1st 2009.").

[3] In a September 17, 2009 determination regarding Allen's appeal, USCIS affirmed in part and modified in part its prior determination regarding his request. In particular, USCIS (1) confirmed that by DHS regulation, a valid consent to disclosure (or "waiver of confidentiality") is required before USCIS will search its files for records concerning a living person; (2) confirmed that this requirement applies regardless of that person's alleged citizenship; (3) notified Allen that, even though USCIS would not expect to maintain files regarding President Obama's mother, Stanley Dunham (who is widely known to be deceased and therefore not covered by the DHS privacy regulations, *see* 6 C.F.R. § 5.3), USCIS conducted a search and found no responsive records; and (4) informed Allen that USCIS was commencing a search for records regarding Lolo Soetoro (who is also widely known to be deceased).  Defs.' Ex. F.

accompanied by valid third-party privacy authorizations. Defs.' Ex. J ("6/1 State Response").

## II. ARGUMENT

The "sole cognizable public interest for FOIA is the interest 'to open agency action to the light of public scrutiny,' to inform the citizenry 'about what their government is up to.'" *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989)). It is not designed to allow the citizenry unfettered access to the private affairs of other citizens, however famous they may be. *Billington v. Department of Justice*, 11 F. Supp. 2d 45, 62 (D.D.C. 1998) (although public officials in some circumstances have diminished privacy, they maintain privacy interests in nonpublic information), *aff'd in part, vacated in part on other grounds*, 233 F.3d 581 (D.C. Cir. 2000). Thus, private information about a public figure that does not reveal the operations or activities of government "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Reporters Comm.*, 489 U.S. at 775. The FOIA (along with the Privacy Act of 1974, 5 U.S.C. § 552a, and other statutory and regulatory provisions) is carefully crafted to balance the public interest in disclosure of government information with an individual's right to privacy. *See Blazy v. Tenet*, 194 F.3d 90, 96 (D.C. Cir. 1999) (quoting *Legislative History of the Privacy Act of 1974*, at 861 (1976) (noting that the original congressional staffs observed that "[p]erhaps the most difficult task in drafting Federal privacy legislation was that of determining the proper balance between the public's right to know about the conduct of their government and their equally important right to have information which is personal to them maintained with the greatest degree of confidence by Federal agencies")).

In keeping with this balanced scheme of disclosure and privacy protection, both agency defendants here have promulgated regulations aimed at protecting individual privacy and, specifically, information protected by the Privacy Act against unwarranted intrusion. These regulations dictate that FOIA requesters seeking records regarding living third party

individuals obtain authorization from those individuals to obtain their records. The relevant Department of State regulation requires that "requests for records pertaining to another individual shall be processed under the FOIA and must be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury, or by proof that the individual is deceased (e.g., death certificate or obituary)." 22 C.F.R. § 171.12(a). DHS's regulations likewise state that "[i]f you are making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased (for example, a copy of a death certificate or an obituary) must be submitted." 6 C.F.R. § 5.3; *see also id.* § 5.21(f) ("If you are making a request for records concerning an individual on behalf of that individual, you must provide a statement from the individual verifying the identity of the individual as provided in paragraph (d) of this section. You must also provide a statement from the individual certifying the individual's agreement that records concerning the individual may be released to you.").

The mandatory nature of agency FOIA regulations such as these is enshrined in the FOIA itself, which requires that requests be "made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A); *West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006) ("A requester must comply with an agency's published regulations for filing a proper FOIA request."). Accordingly, "[f]ailure to comply with agency FOIA regulations amounts to a failure to exhaust administrative remedies, which warrants dismissal." *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *see also In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986) (observing that exhaustion of administrative remedies is "required under the FOIA before that party can seek judicial review" and that "[w]here no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine").

It is beyond dispute that Allen, in seeking access to private records concerning

President Obama, has failed to comply with these regulations.[4] His underlying FOIA requests were not accompanied by the required third-party waivers, and the Amended Complaint likewise contains no allegation that such waivers were submitted. *See* Am. Compl.; Allen USCIS Appeal at 2 (suggesting that Allen sought, but had not received, a waiver). Absent the appropriate waivers, Allen's FOIA requests for private records relating to President Obama are not perfected, and his claims for these records must be dismissed. *See Pusa v. FBI*, No. 99-04603, slip op. at 5-6 (C.D. Cal. Aug. 5, 1999) (dismissing case because plaintiff did not comply with agency regulations concerning third-party requests); *Harvey v. U.S. Dep't of Justice*, No. CV 92-176, slip op. at 17-18 (D. Mont. Jan. 9, 1996) (declining to grant motion for production of third-party records because plaintiff failed to submit authorization at the administrative level), *aff'd on other grounds*, 116 F.3d 484 (9th Cir. June 3, 1997) (unpublished table decision); *Freedom Magazine v. IRS*, No. 91-4536, 1992 U.S. Dist. LEXIS 18099, at *10-13 (C.D. Cal. Nov. 13, 1992) (finding that court lacked jurisdiction when, prior to filing suit, plaintiff failed to provide waivers for third-party records as required by IRS regulations).[5]

### III. CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion to dismiss Plaintiff's Amended Complaint to the extent it seeks records relating to President Obama.[6]

---

[4] Because Defendants' privacy-waiver regulations do not apply to deceased persons, Defendants do not seek to dismiss Allen's claims insofar as they relate to records concerning Stanley Dunham or Lolo Soetoro. These records are beyond the scope of this motion to dismiss and will be addressed in a later motion for summary judgment.

[5] To the extent Allen's FOIA requests refer to "Barry Soetoro" as a purported individual different from President Obama, such a distinction is immaterial for purposes of FOIA's exhaustion requirement. Even indulging the notion that a "Barry Soetoro" exists (and has not been shown by Allen to be deceased), and that Defendants possess records concerning such a person, Allen has made no allegation that he has obtained and provided to Defendants the necessary privacy waivers to justify searches for such putative records.

[6] Defendants also request that the court dismiss John Does 1 through 49 as defendants in this lawsuit. Allen's original complaint named such defendants and signaled an intent to discover their identities during the course of the lawsuit. However, Allen's Motion for Leave

Dated: October 5, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

 *s/ Brigham J. Bowen*
BRIGHAM J. BOWEN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

*Attorneys for Defendants*

---

to Amend and his Amended Complaint disclaim an intent to sue any defendants other than the two agency defendants. *See* Mem. in Supp. of Mot. for Leave to Amend at 3-4 (stating that "I have no intension of seeking any other actions against the employee's of the Defendants"); Am. Compl. ¶ 4 (identifying "[t]he Defendants" as DHS and DOS), ¶ 6 (same). Nonetheless, the phrases "et al." and "Inclusive 1 thru 48" appear in and below the caption of the Amended Complaint, and certain allegations still appear to relate to such putative John Doe defendants. *See*, *e.g.*, *id.* ¶¶ 4, 6. The government presumes that the inclusion of such vestigial references was mere oversight on Allen's part. In any event, as Allen rightly observes, the proper defendant in a FOIA action is the custodial agency and not any individual. Mem. in Supp. of Mot. for Leave to Amend at 3-4 (citing case law and observing that the "proper party" to this action "would be the agency's the Department of Homeland Security and the State Department").

7

**CERTIFICATE OF SERVICE**

I hereby certify that on October 5, 2009, I caused a copy of the foregoing Partial Motion to Dismiss Plaintiff's Amended Complaint and Memorandum in Support to be sent via first-class mail, postage pre-paid, to:

>Kenneth L. Allen
>10055 E. Gray Hawk Dr.
>Tucson, AZ 85730

October 5, 2009            *s/ Brigham J. Bowen*