*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

*Index of Exhibits*

A.    Allen USCIS FOIA Request (2-9-2009)

B.    USCIS Response (2-19-2009)

C.    Allen USCIS FOIA Request (3-1-2009)

D.    USCIS Response (3-18-2009)

E.    Allen USCIS Appeal (3-31-2009)

F.    USCIS Appeal Determination (9-17-2009)

G.    Allen Dep't of State FOIA Request (2-4-2009)

H.    Dep't of State Response (2-17-2009)

I.    Allen Dep't of State FOIA Request (2-20-2009)

J.    Dep't of State Response (6-1-2009)

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT A

Allen USCIS FOIA Request (2-9-2009)

Feb 5-2009

| Date: | Certified Number: 7008 0150 0000 7240 2790 |

Kenneth Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704

FREEDOM OF INFORMATION AND PRIVACY ACT 5 USC § 552 & 552(a)
United States Constitution Article I section II

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
(816) 350-5570
Fax (816) 350-5785
uscis.foia@dhs.gov

RE:      Freedom of Information Act Request at 5 USC § 552 and the Privacy
         Act at 5 USC § 552(a), and Article II section I

CAVEAT: Title 8, U.S.C. § 1324(a) defines several distinct offenses related to
aliens. Subsection 1324(a)(1)(i)-(v) prohibits alien smuggling, domestic
transportation of unauthorized aliens, concealing or harboring unauthorized
aliens, encouraging or inducing unauthorized aliens to enter the United States,
**and engaging in a conspiracy or aiding and abetting any of the preceding
acts.** Subsection 1324(a)(2) prohibits bringing or attempting to bring unauthorized
aliens to the United States in any manner whatsoever, even at a designated port of
entry. Subsection 1324(a)(3).

This request is being made to secure documents relating to Barack H. Obama, aka Barry
Soetoro, and aka et al. Pursuant to Title 5 USC section 552 & 552(a) to or for the
verification of requested documents that do or do not exist; These documents will be used
as evidence to secure administrative or judicial due process under the United States
Constitution Article II section I or just under the Constitution itself as a whole and most
importantly under the 9th and 10th Amendments.

Senator Obama's mother had to relinquish her son's U.S. citizenship in order to obtain
Indonesian citizenship for him, which would make him ineligible to become a United

1

States President. Additionally, the United States could not allow dual citizenship with Indonesia at that time; as Indonesia did not allow dual citizenship, and it was prohibited by the Hague Convention of 1930, as interfering with the internal affairs of another sovereign Country.

In addition, upon return to the United States in and around 1971-1972, Senator Obama would have been required to go through the then current immigration procedures to regain his U.S. citizenship. There is no record of him ever doing that. Even if he had done so, he would be considered a naturalized citizen and not a "natural born" citizen.

Additionally, assuming Senator Obama was born in what is now Kenya, at the time of Senator Obama's birth in 1961, Kenya was the British Protectorate of Zanzibar and Senator Obama automatically became a British Subject under Section 32(1) of the British Nationality Act of 1948, effective date January 28, 1949, based on his father's citizenship.

Finally, in 1981, Senator Obama traveled to Pakistan, when there was a ban for U.S. citizens to travel to Pakistan, therefore the only logical possibility for him to do so was by using one of his other passports: Indonesian, Kenyan, or British.

This request is being made under the Freedom of Information Act at 5 USC § 552 and the Privacy Act at 552(a), Article II section I and the 14th Amendment, documents requested herein are for personal and public use, therefore I hereby request the following:

1. Because specific questions of Obama's qualifications have not been resolved we are now facing a "Constitutional crisis" The United States, as a nation of laws, operates under the Rule of Law and we must follow our Constitution. Obama's records and his original 'Vault' birth certificate are essential to the purpose of clarifying his qualifications. Therefore I strongly request an original copy of Barack H. Obama's "Vault" copy of his birth certificate sealed by the State of Hawaii.

2. An original copy of the immigration records pertaining to, when he, as Barry Soetoro [adopted in Indonesia], returned to Hawaii in 1971, if any.

3. Any and all 'change of name' Court records are required as Obama may be an illegal alien; not only not qualified to be President, but a fraud as U.S. Senator from Illinois.

4. Documents pertaining to whether Barry Soctoro is still an Indonesian citizen; and if he is not; documentation of when he became a naturalized citizen pursuant to the 14th Amendment.

5. An original copy of Records showing where Barry Seotoro changed his name to Barack H. Obama, and in what year.

6. True and correct copies of Barack H. Obama's passports for the years: 1979, 1980, 1981 and 1982, including, but not limited to: A true and correct copy of Barry Soetoro's "Indonesian" passport for the years: 1979, 1980, 1981 and 1982; A true and correct copy of Barry Soetoro's passport including documented history

2

of travel to Pakistan, and nationality contained therein for the years 1981 and 1982.

7. Any all of the above requested documentation should include, and not be limited to: notes, changes, requests for changes, omissions, exclusions, deletions or redactions.

I am entitled to verified copies of all requested documents herein contained under statutory authority.

Requestor hereby requests a waiver of fees, for any reason the agency feels it cannot waive the fees; the requestor will pay only reasonable fees not more than $40.00.

I _Kenneth Allen_ attest under the penalty of perjury, and under the laws of these united states of America,  that I am Citizen of the United States  requestor for the foregoing documents under the United States Constitution I have the right to request the foregoing requested documents for the years 1961 through 2009 years.

Respectfully submitted on the ____9____ day of __feb__ , 200 9

_____ name

STATE OF STATE

COUNTY OF COUNTY

On _Feb. 9th_ , 2009 date of statement before me _Rachel M. Blair_ a notary public appeared _Kenneth L. Allen_ , personally known to me ( or proven thereto) on the basis of evidence to be the person whose name is subscribed therein the above Freedom of Information Act and Privacy Act, and that by such signature on the said instrument has in fact executed the above mentioned document.

WITNESS my hand and seal.

_____          _____

Notary public                                        Requestor

SEAL   Rachel M Blair
Notary Public - Arizona
Pima County
My Commission Expires
March 19, 2010

3

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT B

USCIS Response (2-19-2009)

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

February 19, 2009

**NRC2009008466**

Kenneth Allen
10055 E. Gray Hawk Drive
Tucson, AZ 85730

Dear Kenneth Allen:

We received your request to secure documents relating to Barack H. Obama, aka Barry Soetoro, and aka et al. Pursuant to Title 5 U.S.C. section 552 and 552(a) to or for the verification of requested documents that do or do not exist on February 19, 2009. In your letter to our office the specific documents you seek to secure are:

- An original copy of Barack H. Obama's "Vault" copy of his birth certificate sealed by the State of Hawaii.
- An Original copy of the immigration records pertaining to, when he, as Barry Soetoro, returned to Hawaii in 1971, if any.
- Any and all 'change of name' Court records.
- Documents pertaining to whether Barry Soetoro is still an Indonesian citizen; and if he is not; documentation of when he became a naturalized citizen pursuant to the 14th Amendment.
- An original copy of records showing where Barry Soetoro changed his name to Barack H. Obama, and in what year.
- True and correct copies of Barack H. Obama's passports for the years: 1979, 1980,1981and 1982, including , but not limited to: A true and correct copy of Barry Soetoro's passport including documented history of travel to Pakistan, and nationality contained therein for the years 1981 and 1982.

You have requested that the documentation should include, and not be limited to notes, changes, and requests for changes, omissions, exclusions, deletions or redactions.

Your request is being handled under the provisions of the Freedom of Information Act (5 U.S.C. § 552). It has been assigned the following control number: NRC2009008466. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

NRC2009008466
Page 2

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. This is to inform you that your request has been placed in the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

Please be advised that DHS regulations require, in the case of third party information requests, a statement from the individual verifying his or her identity and certifying that individual's agreement that records concerning him or her may be accessed, analyzed and released to a third party. See 6 C.F.R. § 5.21(f). Because you have not provided this documentation with your request, we are unable to initiate a search for responsive records. Please be advised that you need to obtain consent from President Barack Obama before any search for records can be conducted. Please provide this information within 30 days; otherwise your request will be administratively closed as a failure to comply.

This is not a denial of your request. Upon receipt of a perfected request, you will be advised as to the status of your request.

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding to us any documents related to your request, please ensure any Social Security Numbers on the documents are blanked out or removed.

Sincerely,

T. Diane Cejka
Director

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT C

Allen USCIS FOIA Request (3-1-2009)

7008 1140 0003 7375 1719

RE: NRC2009~~006466~~

Kenneth Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704

FREEDOM OF INFORMATION AND PRIVACY ACT 5 USC § 552 & 552(a)
United States Constitution Article I section II

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
(816) 350-5570
Fax (816) 350-5785
uscis.foia@dhs.gov

CAVEAT: Title 8, U.S.C. § 1324(a) defines several distinct offenses related to aliens. Subsection 1324(a)(1)(i)-(v) prohibits alien smuggling, domestic transportation of unauthorized aliens, concealing or harboring unauthorized aliens, encouraging or inducing unauthorized aliens to enter the United States, **and engaging in a conspiracy or aiding and abetting any of the preceding acts.** Subsection 1324(a)(2) prohibits bringing or attempting to bring unauthorized aliens to the United States in any manner whatsoever, even at a designated port of entry. Subsection 1324(a)(3).

This request is being made to secure documents relating to aka Barry Soetoro, and aka et al. Pursuant to Title 5 USC section 552 & 552(a) to or for the verification of requested documents that do or do not exist; These documents will be used as evidence to secure administrative or judicial due process under the United States Constitution Article II section I or just under the Constitution itself as a whole and most importantly under the 9th and 10th Amendments. This request has also been modified and pertains to Barry Soetoro, Stanley Ann Soetoro, aka Stanley Ann Obama, aka Stanley Ann Dunhams

1

Barry Soetoro's mother had to relinquish her son's U.S. citizenship in order to obtain Indonesian citizenship. The United States could not allow dual citizenship with Indonesia at that time; as Indonesia did not allow dual citizenship, and it was prohibited by the Hague Convention of 1930, as interfering with the internal affairs of another sovereign Country.

In addition, upon return to the United States in and around 1971-1972, Barry Soetoro would have been required to go through the then current immigration procedures to regain his U.S. citizenship. There is no record of him ever doing that. Even if he had done so, he would be considered a naturalized citizen and not a "natural born" citizen.

Additionally, assuming Barry Soetoro was born in what is now Kenya, at the time of Senator Obama's birth in 1961, Kenya was the British Protectorate of Zanzibar and Senator Obama automatically became a British Subject under Section 32(1) of the British Nationality Act of 1948, effective date January 28, 1949, based on his father's citizenship.

Finally, in 1981, Barry Soetoro traveled to Pakistan, when there was a ban for U.S. citizens to travel to Pakistan, therefore the only logical possibility for him to do so was by using one of his other passports: Indonesian, Kenyan, or British.

This request is being made under the Freedom of Information Act at 5 USC § 552 and the Privacy Act at 552(a), Article II section I and the 14th Amendment, documents requested herein are for personal and public use, therefore I hereby request the following:

1. An original copy of the immigration records pertaining to Barry Soetoro [adopted in Indonesia], returned to Hawaii in 1971, if any.
2. Documents pertaining to whether Barry Soetoro is still an Indonesian citizen; and if he is not; documentation of when he became a naturalized citizen pursuant to the 14th Amendment.
3. True and correct copies of Barry Soetoro passports for the years: 1979, 1980, 1981 and 1982, including, but not limited to: A true and correct copy of Barry Soetoro's "Indonesian" passport for the years: 1979, 1980, 1981 and 1982; A true and correct copy of Barry Soetoro's passport including documented history of travel to Pakistan, and nationality contained therein for the years 1981 and 1982.
4. Any all of the above requested documentation should include, and not be limited to: notes, changes, requests for changes, omissions, exclusions, deletions or redactions.
5. A true and correct copy of Stanley Ann Obama, aka Stanley Ann Dunhams, aka Stanley Ann Soetoro's passport, this request does not subject to 6 CFR section 5.21(f), the subject is deceased.
6. A true and correct copy of the passport history of Lolo Setoro, M A. This request is not subject to 6 CFR sections 5.21(f).

I am entitled to verified copies of all requested documents herein contained under statutory authority.

Therefore any all of the above requested documentation should include, and not be limited to: notes, changes, requests for changes, omissions, exclusions, deletions or redactions.

Let me remind you that you have taken an oath to defend the Constitution.

Let me also remind you that if you cannot produce or do not have any of the information please state that clearly .

Requestor hereby requests a waiver of fees, for any reason the agency feels it cannot waive the fees; the requestor will pay only reasonable fees not more than $25.00.

I _Kenneth  Allen_ attest under the penalty of perjury, and under the laws of these united states of America,  that I am Citizen of the United States  requestor for the foregoing documents under the United States Constitution I have the right to request the foregoing requested documents for the years 1961 through 2009 years.

Respectfully submitted on the _1ST_ day of _March_, 200 9

_____ name

3

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT D

## USCIS Response (3-18-2009)

U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



**U.S. Citizenship
and Immigration
Services**

March 18, 2009

**NRC2009014617**

Kenneth Allen
10055 E. Gray Hawk Drive
Tucson, AZ 85730

Dear Kenneth Allen:

We received your request for information relating to Barry Soetoro on March 18, 2009.

Your request is being handled under the provisions of the Freedom of Information Act
(5 U.S.C. § 552). It has been assigned the following control number: NRC2009014617. Please cite this
number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is
deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be
charged for searching for records sought at the respective clerical, professional, and/or managerial rates of
$4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first
100 copies and two hours of search time are not charged, and the remaining combined charges for search
and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any
fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. This is to
inform you that your request has been placed in the complex track. Since your request is on the complex
track, you may wish to modify it to identify a specific document(s), the exact information sought, and
location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for
use on your personal computer. This option is an alternative to paper copies. The CD is readable on all
computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on
the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only
records 15 pages or more are eligible for CD printing. Attorneys automatically receive CDs, unless they
contact us to request paper copies. Once an attorney has requested paper copies, all future responsive
records will be provided via paper – there is no need to call again. For individuals (i.e., non-attorneys)
please call our office at 816-350-5570 to order your record on CD. Once you request your records on
either CD or paper, all future records will be furnished in the format you have requested.

**In order to continue processing your request, we ask that you provide the following: Other
Documentation. The subject of record must sign the form. Please note your control number with
any correspondence you send. Please provide this information within 30 days, otherwise your
request will be administratively closed as a failure to comply.**

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When
forwarding to us any documents related to your request, please ensure any Social Security Numbers on
the documents are blanked out or removed.

NRC2009014617
Page 2

You may check the status of your FOIA request online, at www.uscis.gov. Go to the "Freedom of Information Act" link at the bottom of the web page and then click on "FOIA Request Status Check" listed under the "Related Links" and follow the instructions. If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at 816-350-5570, or fax any FOIA/PA related correspondence to 816-350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT E

Allen USCIS Appeal (3-31-2009)

## Freedom of Information and Privacy Act Appeal

**RE: NRC2009014617    Cert# 7008 0150 0000 7240 4756**

Kenneth Allen
10055 E Gray Hawk Dr                                    Date:
Tucson Arizona 85730
520-514-9704

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
(816) 350-5570
Fax (816) 350-5785
uscis.foia@dhs.gov

Assistant General Counsel for Administration (Office)
Room 5898-C
U.S. Department of Commerce
14th and Constitution Avenue, N.W.
Washington, D.C. 20230.

RE: **NRC 2009014617** Freedom of Information Act Request at 5 USC § 552 and the
Privacy Act at 5 USC § 552(a), and Article II section I

This is an Appeal pursuant to the freedom of information act relating to a FOIA under 5
USC § 552 and § 552(a) dated March 1st 2009 number NRC 2009014617 that
originating from a Foia under 5 USC § 552 and 552(a) dated February 9th 2009
reference number NRC 2009008466, those copies are attached along with a copy of
Barry Soetoro's school records to prove that in fact Barry Soetoro does exist. And that
Mr. Soetoro at one time or another did migrate from Indonesia to the United States and
it is the duty of DHS and Immigration to know where he was at all times. The purpose of
this appeal is really about having the signature of a foreigner for non exempt
information. The exemptions (6)(7) are for personal and not public information.

1

The original FOIA dated February 9th 2009 and was a request for information relating to Barack Obama aka Barry Soetoro. And the request I am appealing is the request dated March 1st 2009. In Opening remarks the US Citizenship and Immigration agency stated that; we received your request for information on March 18th 2009, I find that odd because they never returned my receipt and their response was dated March 18th 2009. I sent the request certified 70081140000373751719 on March 1 2009, and due to the fact that I didn't have the signed copy I wouldn't know what when they received the document.  The Request was made to secure documents relating to Barry Soetoro.

This request was modified as requested by DHS in the first request dated February 9th 2009 so my request only included Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro. They also requested that I write a letter to Barack H Obama asking for his permission to release documents that pertained to him, which I did that document "the letter to Obama" also attached. And I was given 30 days in which to respond with the information pursuant to 6 CFR § 5.21(f), to date I have never received a response from Barack Obama.

The request under 5 USC §§ 552 and 552(a) and Article II § I were for document relating to Barry Soetoro, Lolo Soetoro and Stanley Ann Soetoro. The information was not private information but should have been public information and of interest to the public.

To make it very clear to the DHS and US Citizenship and Immigration I gave them a brief history of Barry Soetoro as I will here. Barry Soetoro's mother had to relinquish her son's U.S. citizenship in order to obtain Indonesian citizenship. The United States could not allow dual citizenship with Indonesia at that time; as Indonesia did not allow dual citizenship, and it was prohibited by the Hague Convention of 1930, as interfering with the internal affairs of another sovereign Country.

2

In addition, upon return to the United States in and around 1971-1972, Barry Soetoro would have been required to go through the then current immigration procedures to regain his U.S. citizenship. There is no record of him ever doing that. Even if he had done so, he would be considered a naturalized citizen and not a "natural born" citizen.

Additionally, assuming Barry Soetoro was born in what is now Kenya, at the time of Senator Obama's birth in 1961, Kenya was the British Protectorate of Zanzibar and Barry Soetoro automatically became a British Subject under Section 32(1) of the British Nationality Act of 1948, effective date January 28, 1949, based on his father's citizenship.

Finally, in 1981, Barry Soetoro traveled to Pakistan, when there was a ban for U.S. citizens to travel to Pakistan, therefore the only logical possibility for him to do so was by using one of his other passports: Indonesian, Kenyan, or British.

In original legal action filed by Mr. Berg, he presented Barry Soetoro's school registration, showing him registered as Barry Soetoro, Citizenship-Indonesian, Religion Islam, signed by L. Soetoro. From 1945, Indonesia has not allowed dual citizenship and, therefore, Ms. Dunham-Obama-Soetoro, Barry Soetoro's mother, had to relinquish her son's U.S.citizenship in order to obtain Indonesian citizenship for him, which would make him a citizen of Indonesia and no loner a citizen of Kenya or even the United States had he been born there.. Additionally, the United States could not allow dual citizenship with Indonesia at that time, as Indonesia did not allow dual citizenship, and it was prohibited by the Hague Convention of 1930, as interfering with the internal affairs of another sovereign Country.

Therefore my request being modified as requested was for; an original copy of the immigration records pertaining to Barry Soetoro [adopted in Indonesia], returned to Hawaii in 1971, if any. Documents as to whether Barry Soetoro is still an Indonesian citizen; and if he is not; documentation of when he became a naturalized citizen

3

pursuant to the 14th Amendment. True and correct copies of Barry Soetoro passports for the years: 1979, 1980, 1981 and 1982, including, but not limited to: A true and correct copy of Barry Soetoro's "Indonesian" passport for the years: 1979, 1980, 1981 and 1982; A true and correct copy of Barry Soetoro's passport including documented history of travel to Pakistan, and nationality contained therein for the years 1981 and 1982. Any all of the above requested documentation should include, and not be limited to: notes, changes, requests for changes, omissions, exclusions, deletions or redactions. A true and correct copy of Stanley Ann Obama, aka Stanley Ann Dunhams, aka Stanley Ann Soetoro's passport, and all history for the years 1959 through 1987 this request is not subject to 6 CFR section 5.21(f), the subject is deceased. A true and correct copy of the passport history of Lolo Setoro, M A. This request is not subject to 6 CFR sections 5.21(f).

I stated that I was entitled to verified copies of all requested documents under statutory authority. I also promised to pay any fees although I think this would fall under a media request and exempt from fees. I reminded them if they couldn't produce the document to please state so. Therefore any and all of the requested documents under 5USC §§ 552 and 552(a) and the constitution should include, and not be limited to: notes, changes, omissions, exclusions, deletions or redactions.

## The FOIA Act protects Citizens and residents here permanently and not illegally

According to the Federal Trade Commission and the commissioner and the commissioner Christine A Varney "commissioner the FOIA does not protect a foreigner or alien that are not a Permanent resident of the United States of America. The following document was prepared in part by the Commissioner.

The Privacy Act does have some limitations. Critics have charged, despite the generally laudable goals of the Privacy Act, that the Act's "routine use" exception and the "law enforcement" exception undermine the values of transparency and enhanced protection

4

for sensitive formation. Limited remedies may also diminish enforceability. Finally, the Privacy Act applies only to federal government agencies. It does not cover state and local agencies, Congress, or the private sector. **The Act also only protects U.S. citizens and aliens with permanent residence. The Privacy Act does not apply to foreigners,** unions, collective associations, or corporations. To that end, the U.S. Office of Management and Budget (OMB) are responsible for the Act's implementation and is considering needed policy changes. Substantive changes in the Privacy Act, however, must await Congressional action.

As a reminder the 4th and 14th Amendment's protection may not extend to an illegal alien. And the Government isn't obligated to protect information belonging to foreigners or need permission as required under 6 CFR § 5.21(f). It also doesn't require me to present an application for information on an alien, and I do not know what his Alien number is that's why I filed this FOIA to obtain that information. Barry Soetoro is not a citizen of the United States or an alien with a permanent residence, Mr. Soetoro is a citizen of Indonesia, and you may refer to the school records attached from Barry Soetoros School in Indonesia. I can however give you the names of his Mother [Stanley Ann Soetoro] and Father [Lolo Soetoro] with an Address of Menteng Dalam r001/003 and a residence date of 1-1-1968. So we know that Barry Soetoro was an Indonesian citizen at the age of 7 and that he had ties in Hawaii. It would seem that Mr. Soetoro would have gone through immigration and customs at some point between 1961 and 2009.

Barry Soetoro's religion is Islam, or it was in 1968 no one can know what it is in 2009. 5 U.S.C. § 552(a)(3)(A) (2000 & Supp. IV 2004) (providing that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person"). But see id. At § 552(a) (3) (E) (prohibiting, as of 2002, certain agency FOIA disclosures to foreign governments or representatives of such governments); see also *FOIA Post,* "FOIA

5

Amended by Intelligence Authorization Act" (posted 12/23/02) (advising on 2002 FOIA amendments' implementation).

Mr. Barry Soetoro may also be guilty of the following, even under the guise of another person; Inadmissible Aliens - Any alien who at the time of entry, or while adjusting status was within an inadmissible class. INA§237 (a)(1)(A);  Presently in Violation of Law  - Any alien who is present in the United States in violation Violated Nonimmigrant Status or Condition of Entry INA§237 (a)(1)(C);  of this Act, or any other law of the United States. INA §237  a)(1)(B); Smuggling - Any alien who encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of the law. INA §237 (a)(1)(E);Marriage Fraud INA §237 (a)(1)(G); Criminal Offenses INA §237 (a)(2)(A) and (B); Document Fraud INA §237 (a)(3)(C); Falsely Claiming Citizenship - Any alien who falsely represents, or has falsely represented, him or herself to be a citizen of the United States for any purpose or benefit. INA §237 (a) (3) (D);

I would hope that the agency if the have any information on the person named Barry Soetoro would produce the requested documents **if in fact they exist**.(citing Nation Magazine, 71 F.3d at 890]); see Horsehead Indus. v. EPA, No. 94-1299, slip op. at 4 n.2 (D.D.C. Jan. 3, 1997) (ruling that "[b]y construing the FOIA request narrowly, [the agency] seeks to avoid disclosing information"); FOIA Update, Vol. XVI, No. 3, at 3 (advising agencies on interpretation of terms of FOIA re an agency "must be careful not to read [a] request so strictly that the requester is denied information the agency well knows exists in its files, albeit in a different form from that anticipated by the requester." Specifically, agencies should be careful to undertake any "scoping" of documents found in response to a request only with full communication with the FOIA requester. I believe my request to be reasonable and I believe the information I have provided to the agency to be adequate to find the records. See 5 U.S.C. § 552(a)(3)(A) (2000 & Supp. IV 2004) (statutory provision requiring that a FOIA request "reasonably describe[]" the records sought); see also, e.g., Ledesma v. U.S. Marshals Serv., No. 05-5150, 2006 U.S. App.

6

LEXIS 11218, at *2 (D.C. Cir. Apr. 19, 2006). The FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of the Act's nine exemptions.

According to judicial watch and Tom Fitton."Sanctuary policies are affront to the rule of law, worsen illegal immigration crises, and put American citizens at risk," said Judicial Watch President Tom Fitton.  "Local police departments cannot continue to undermine federal immigration law.  The Chicago Police Department should be required to comply with the Illinois Freedom of Information Act so taxpayers can understand its immigration policies."His case also illustrates, however, the value of the FOIA. The public clearly has a "substantial interest" in knowing the identities of criminals among us; that's why we see "Wanted by the FBI" posters in every U.S. Post Office in America. It's why police so often ask the public for help in finding accused criminals who are at large. It's why the "Amber" system works so well in finding kidnapped kids. It's also why the Save acts works; employers are able to identify aliens who use fraudulent document to acquire a job.

## Public Interest

In a case before the Supreme in 1990 brought by The American Civil Liberties Union and Computer Professionals for Social Responsibility in of Respondents  No. 90-747, the case being about how to evaluate competing interests in privacy and open government under Exemption . That exemption provides that agencies may withhold only personal information "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. S. 552(b) (6) (1986) (emphasis added).  Although the names and addresses at issue here are personal information that implicates an Exemption 6 privacy interest, that interest does not outweigh the strong public interest in the light that their release would shed on implementation of the Government's immigration policy.  Thus, their disclosure would not "constitute a clearly unwarranted invasion of personal privacy," and FOIA compels their release.

7

The Government also ignores the full range of public interests to be considered in Exemption 6 and 7(C) cases. Consistent with FOIA's general philosophy of full disclosure, this Court has long held that FOIA's disclosure requirements are to be read broadly and its exemptions Construed narrowly. U.S. Dept. of Justice v. Julian, 486 U.S. 1, 8 (1988) (citing FBI v. Abramson, 456 U.S. 615, 630 (1982); Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976)). This interpretive maxim requires a broad definition of the public interests to be considered in Exemption 6 and 7(C) cases. Thus, Reporters Committee held that courts considering the public-interest side of the balance in such cases must determine whether release of the requested information would "shed any light on the conduct of any Government agency or official." 489 U.S. at 773 (emphasis added).

The information Requester seek in this case undeniably would shed light on the Department of Homeland Security and US Citizenship and Immigration Services conduct concerning its Indonesian and foreign repatriation policy. Release of the names and addresses would reveal the source of the facts underlying an aspect of the nation's immigration policy where it pertains to **Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro**. It would further FOIA's "basic purpose . . . 'to open agency action to the light of public scrutiny,'" Rose, 425 U.S. at 372, by telling the public against whom the Government enforced its policy of repatriation and upon whom the Department of Homeland Security relied in evaluating that policy and in deciding to continue it therefore denying my request for records concerning Barry Soetoro and his connection to Barack H. Obama. Exemption 7 only protects private information of citizens and Permanent residents, not of illegal aliens or unregistered aliens.

The public has a strong interest in knowing the names and addresses of Barry Soetoro because their disclosure would shed light on the Department's performance of its duty to monitor Indonesian and unlawful entry into the United States and on the Government's decision to continue its policy of repatriating In contrast, the Government has failed to demonstrate the existence of a strong privacy interest on the part of the

8

interviewees. Thus, in this case, the public interest in disclosure outweighs the limited privacy interest implicated by revealing the identities of Barry Soetoro, et al. Government has failed to establish that any invasion of privacy would result from disclosure would be "clearly unwarranted." Accordingly, this appeal should be granted and the requested information herein should be released.

Exemption 7(C), by its terms, permits an agency to withhold a document only when revelation "could reasonably be expected to constitute an unwarranted invasion of personal privacy." We must next address what factors might warrant an invasion of the interest described in FOIA.

United States Department of Justice v. Julian, 486 U.S. 1, 13 -14 (1988), and although the FBI's policy of granting the subject of a rap sheet access to his own criminal history is consistent with its policy of denying access to all other members of the general public, see supra, at 752, the rights of the two press respondents in this case are no different from those that might be asserted by any other third party, such as a neighbor or prospective employer. As we have repeatedly stated, Congress "clearly intended" the FOIA "to give any member of the public as much right to disclosure as one with a special interest [in a particular document]." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); see NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 221 (1978); FBI v. Abramson, 456 U.S. 615 (1982). As Professor [489 U.S. 749, 772]  Davis explained: "The Act's sole concern is with what must be made public or not made public."

Thus whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to "the basic purpose of the Freedom of Information Act `to open agency action to the light of public scrutiny.'" Department of Air Force v. Rose, 425 U.S., at 372 , rather than on the particular purpose for which the document is being requested. In our leading case on the FOIA, we declared that the Act was designed to create a broad right of access to "official

9

information." EPA v. Mink, <u>410 U.S. 73, 80</u> (1973). 20 In his dissent in that case, Justice Douglas characterized the philosophy of the statute by quoting this comment by Henry Steele Commager:

> "'The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted [489 U.S. 749, 773] to know what their government is up to.'" Id., at 105 (quoting from The New York Review of Books, Oct. 5, 1972, p. 7) (emphasis added).

This basic policy of "full agency disclosure unless information is exempted under clearly delineated statutory language,'" Department of Air Force v. Rose, <u>425 U.S., at 360</u> -361 (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)), indeed focuses on the citizens' right to be informed about "what their government is up to." Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case - and presumably in the typical case in which one private citizen is seeking information about another - the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official.

Requestor argues that there is a twofold public interest in learning about Barry Soetoro's past. What I have said should make clear that the public interest in the release of any information requested on Barry Soetoro that may exist is not the type of interest protected by the FOIA. But that interest falls outside the ambit of the public interest that the FOIA was enacted to serve.

10

Finally, we note that Congress has provided that the standard fees for production of documents under the FOIA shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. 552(a)(4)(A)(iii) (1982 ed., Supp. V). Although such a provision obviously implies that there will be requests that do not meet such a "public interest" standard, we think it relevant to today's inquiry regarding the public interest in release of information on Barry Soetoro records. Congress once again expressed the core purpose of the FOIA as "contributing significantly to public understanding of the operations or activities of the government.

## The Request for Information

The Requester see's disclosure of any record(s), document(s), file(s), communications, memorandum(a), order(s), agreement(s) and/or instruction(s), created from 1961 to the present, that were prepared, received, transmitted, collected and/or maintained by the U.S. Citizenship and Immigration Services  or any of its components, including but not limited to the Counterintelligence Field Activity Agency for Barry Soetoro or his father and mother Lolo Soetoro and Stanley Ann Soetoro.

## Conclusion

In conclusion the requestor named here as Kenneth Allen, hereby requests that the information requested under 5 USC §§ 552 and 552(a) with respect to Barry Soetoro, Lolo Soetoro and Stanley Ann Soetoro be released in the interests of the public good. The public interest in the release of any information requested on Barry Soetoro that may exist is not the type of interest protected by the FOIA. But that interest falls outside the ambit of the public interest that the FOIA was enacted to serve. And as a member of Judicial Watch, I also feel it is in the interest of National Security that these documents be released.

11

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this. 3 1ST March 09

BY _Kll_

Kenneth Allen

On _3-31_, 2009  date of statement before me _Fernando Cordova_ a notary public appeared _Kenneth Allen_, personally known to me ( or proven thereto) on the basis of evidence to be the person whose name is subscribed therein the above Freedom of Information Act and Privacy Act, and that by such signature on the said instrument has in fact executed the above mentioned document.

WITNESS my hand and seal.

Notary public

SEAL

"OFFICIAL SEAL"
Fernando Cordova
Notary Public Arizona
Pima County
My Commission Expires 7/31/2011

12

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT F

USCIS Appeal Determination (9-17-2009)

*Office of the Chief Counsel*

**U.S. Department of Homeland Security**
20 Massachusetts Avenue N.W., Room 4210
Washington, DC 20529



**U.S. Citizenship and
Immigration Services**

September 17, 2009

APP2009000253

Mr. Kenneth Allen
10055 E. Gray Hawk Drive
Tucson, AZ  85730

Re:  Freedom of Information Act Request #NRC2009014617

Dear Mr. Allen:

This responds to your March 31, 2009, notarized Freedom of Information Act (FOIA) Appeal of the
U.S. Citizenship and Immigration Service's (USCIS) March 18, 2009, response to your February 9
and March 1, 2009, FOIA requests for "information relating to Barack Obama a.k.a. Barry Soetoro."

The basis for your FOIA appeal appears to be that part of the response wherein the USCIS requested
the "[s]ignature of the subject of the request, signed under penalty of perjury or notarized as
permitted by 28 U.S.C. 1746."  Please be advised that the aforementioned agency reply is in
complete compliance with the law and departmental policy governing the USCIS' disclosure of
records pertaining to surviving private individuals to unrelated third party requesters.

The Privacy Act of 1974, 5 U.S.C. §§ 552a *et seq.*, states, in pertinent part:

> No agency shall disclose any record which is contained in a system of records by any means
> of communication to any person or to another agency, except pursuant to a written request
> by, or with the prior written consent of, the individual to whom the record pertains.

5 U.S.C. § 552a(b).  To the extent that the USCIS has a record pertaining primarily to President
Barack Obama, it would be incorporated into a Privacy Act protected system of records referred to
as the *Alien File/Central Index System* (A-file/CIS), DHS-USCIS-001:  A-file/CIS System of
Records, 72 *Fed. Reg.* 1755 (Tuesday January 16, 2007).[1]  For a requester to gain access to an alien

---

[1] The alien file, or A-file, is the official and most comprehensive record of Immigration and Nationality Act (INA)
transactions (e.g. alien applications for benefits under the INA); it is here that all INA transactions involving a particular
individual are documented and stored as he/she passes through the U.S. immigration and inspection process.  The *Alien
File/Central Index System* is a centralized and consolidated electronic system of records through which A-files are
stored, maintained, updated, tracked and retrieved.  Although the USCIS is the official custodian of all A-files and the
system manager for the *Alien File/Central Index System*, both the files and system are shared with U.S. Immigration and
Customs Enforcement, U.S. Customs and Border Protection, and the U.S. Department of State, all of which create, use,
and/or contribute to the documentation found in A-files.  All official records generated or held by U.S. immigration
authorities pertaining to INA transactions involving any particular alien should, as a matter of course, be consolidated in
an A-file maintained under, and retrievable by reference to, that alien's name, alien registration number, and date of
birth, among other identifiers, or a combination thereof.

Page 2 - Freedom of Information Act Request #NRC2009014617

file maintained in this system of records pertaining to someone other than the requester, that unrelated third party requester would have to produce a "consent to disclosure" or "waiver of confidentiality," signed by the subject of the requested record, designating the requester an authorized recipient of that record. 6 C.F.R. §§ 5.3 & 5.21. Alternatively, an unrelated third party requester can gain access to an alien file, or any part thereof, in the absence of consent, if the agency is required to disclose the requested record pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq*. *See also* 5 U.S.C. § 552a(b)(2).

Alien files are not the type of records required to be routinely disclosed to unrelated third party requesters by the FOIA. Subsection 552(b)(6) of the FOIA permits the Government to withhold all information about individuals in "personnel files and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The U.S. Supreme Court has interpreted "similar files" broadly to include "detailed Government records on an individual which can be identified as applying to that individual." *U.S. Department of State v. Washington Post Co.*, 456 U.S. 595, 601-602 (1982). In this case, alien files contain sensitive, intimate details lifted from the lives of identifiable private individuals who have sought some benefit under the INA, but have not given up all vestiges of personal privacy in exchange for the privilege. The sort of information contained in alien files has "privacy value" similar to information generally found in personnel files. Thus, alien files constitute "similar files" as contemplated by subsection (b)(6) of the FOIA. *See e.g. Ligorner v. Reno*, 2 F. Supp. 2d 400, 405 (S.D.N.Y. Mar. 26, 1998) (noting that "similar files" refers to files that have a privacy value similar to those found in medical and personnel files). Consequently, the disclosure of information found in an alien file to an unrelated third party requester, generally, would constitute a clearly unwarranted invasion of personal privacy, and this agency would not be required to routinely disclose such information under the FOIA. In the absence of a valid waiver of confidentiality, the USCIS did not initiate a search for documents responsive to your FOIA requests for records relating to President Barack Obama.

It has been duly noted that you have raised an objection to this agency's reliance on the Privacy Act in requesting that you provide proof of consent to disclosure, signed by the subject of the requested file. You have asserted that the Privacy Act is inapplicable to your request because subsection 552a(a)(2) of the Act defines "individual," as used therein, to mean "a citizen of the United States or an alien lawfully admitted for permanent residence." The gravamen of your protest is founded on the presumption that the individual to whom the record you have requested pertains is neither a U.S. citizen nor an alien lawfully admitted to the U.S. for permanent residence. In this regard, there are several points of which you should be aware: (1) There is no known factual support for the presumption under which you have been operating; (2) even if the presumption proved true, the agency's position regarding the application of the Privacy Act to alien files would remain virtually unaffected since the Privacy Act has been administratively extended by the U.S. Department of Homeland Security, of which the USCIS is part, to encompass all agency records containing sensitive, personal information on private individuals, regardless of their immigration/citizenship status; and finally (3) the USCIS does not maintain alien files wherein native-born United States citizens are the primary subjects of the records – since such records do not exist, a request for access to an alien file pertaining to a native-born U.S. citizen would yield nothing for such a requester.

Page 3 - Freedom of Information Act Request #NRC2009014617

With respect to your request for records pertaining to the deceased Stanley Ann Dunham, the USCIS observes that, according to your request and appeal, Ms. Dunham was a native-born U.S. citizen; as such, the USCIS would not be expected to maintain an alien file regarding her. Nonetheless, the USCIS has, at its discretion, conducted a search of the *Alien File/Central Index System* for records maintained under, and retrievable by reference to, that name and possible associated aliases. That search failed to uncover any responsive records. The USCIS has also commenced a search for records maintained under, and retrievable by reference to, the name Lolo Soetoro (also deceased).[2] At such time as records pertaining to Lolo Soetoro are located, the USCIS will disclose all nonexempt, non-privileged portions of the record to you. To the extent that you seek official records pertaining to the administration of U.S. passport operations, such records are generated and controlled by the U.S. Department of State. Any request for access to such information, therefore, should be filed with that agency. Records of international border crossings (entry/exit records) are generated and maintained by U.S. Customs and Border Protection; requests for such information should be filed with that agency.

As has been demonstrated, the March 18, 2009 USCIS request for a signed consent to disclosure from Barack Obama is legally sound and appropriate in all other respects. Consequently, this office must affirm that determination. The USCIS determination regarding records relating to Stanley Ann Dunham and Lolo Soetoro has been affirmed in part and modified as set forth above. Inasmuch as you have a complaint regarding the aforementioned FOIA requests pending in the United States District Court for the District of Arizona, iterating your right to file such a complaint, here, is an unnecessary formality.

Sincerely,

Eric N. Banks

for/

Peter D. Gregory, Chief
Commercial and Administrative Law Division
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security

---

[2] Because both these individuals are widely known to be deceased, the USCIS waives, at its discretion, your obligation to provide proof of death. *See* 6 C.F.R. § 5.3.

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT G

Allen Dep't of State FOIA Request (2-4-2009)

F200901157

**Brothers, Tyler L**

| | |
|---|---|
| **From:** | FOIA Request [FOIA@state.gov] |
| **Sent:** | Wednesday, February 04, 2009 10:53 PM |
| **To:** | Kenneth Allen |
| **Subject:** | FOIA Request Letter B8865 |

Thank you for filing your FOIA request online on 2/4/2009.  The process for completing your request will now begin. Here is a review of your request.

The search will be restricted to the State Archiving System.

I am willing to pay $25.00 for my request.

I am a representative of the news media affiliated with Grassfire and this request is made as part of a news gathering effort and not for commercial use.

The time period of my request is between 5/1/1961 and 1/1/2009

The records I request can be described as follows:

    barack H Obama, aka Barry Soetoro, Barack used his passport at that time. He also traveled to Pakistan and Indonesia. The state department would have these records.

My additional comments are as follows:  My request is for information that would pertain to aka Barry Soetoro or Barack H Obama. I would also request a copy of Barack Obamas legal name, either Barack H. Obama or Barry Soetoro. I would also like a copy of Barack h. Obama's Birth certificate from Hawii.

**Kenneth Allen**
**kenandbetseyallen@msn.com**
**10055 E Gray Hawk Dr**
**Tucson**
**Arizona**
**85730**
**520-514-9704**

**Reference Number: B8865**

5

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT H

Dep't of State Response (2-17-2009)

**Brothers, Tyler L**

| | |
|---|---|
| **From:** | Alvarado, Giselle A |
| **Sent:** | Tuesday, February 17, 2009 10:28 AM |
| **To:** | 'kenandbetseyallen@msn.com' |
| **Cc:** | Brothers, Tyler L |
| **Subject:** | Efoia Request B8865 |

This email is to acknowledge our receipt of your Freedom of Information Act (FOIA) request. The details are provided below.

Case Control Number: 200901157
Requester's Name: Kenneth Allen
Subject of Request: Passport records of Barack H Obama

If you have any further questions, please do not hesitate to contact us at 1-202-261-8484 or FAX us at 1-202-261-8579. **Please do not respond to this email.**

---

**NOTE**: Please be advised, if your request is for information concerning yourself or other individual(s) (for example, employment applications, Foreign Service exam results, security investigations, visas, passports, etc.), we cannot accept it via our website. **Such requests cannot be processed without the required original documentation required in our FOIA regulations at 22 CFR 171.32(b)&(c) for "Verification of Personal Identity" and/or 22 CFR 171.12(a) for "Third Party Requests."** Please resubmit your request by mail in accordance with the instructions on our FOIA website at http://foia.state.gov.  Your request may be mailed to us at the following address:

> Information and Privacy Coordinator
> Office of Information Programs and Services
> U.S. Department of State, SA-2
> Washington, DC  20522-8100

11

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S
AMENDED COMPLAINT**

# EXHIBIT I

Allen Dep't of State FOIA Request (2-20-2009)

2009 01 157

20-07



Kenneth Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704

**FREEDOM OF INFORMATION AND PRIVACY ACT 5 USC § 552 & 552(a)**
**United States Constitution Article I section II**

Office of Information Programs and Services
A/ISS/IPS/RL
U. S. Department of State
Washington, D. C. 20522-8100

**U.S. Department of State Freedom of Information Act (FOIA)**

Each federal agency is responsible for meeting its FOIA responsibilities for its own records.  My request is to the state department.

**Availability of Department of State Records and Information to the Public**

The Freedom of Information Act (FOIA), Title 5 of the United States Code, section 552, generally provides that any person has the right to request access to federal agency records or information.  All agencies of the U.S. Government are required to disclose records upon receiving a written request, except those records that are protected from disclosure pursuant to nine exemptions and three exclusions.  The FOIA applies only to federal agencies and does not create a right of access to records held by Congress, the courts, or by state or local government agencies.  Any requests for state or local government records should be directed to the appropriate state or local government agency. **22 Code of Federal Regulations (CFR) 171** codifies the access procedures and guidelines for the availability of Department of State records and information to the public.

**U.S. Department of State maintains records dealing with:**

The records being requested under Title 5 USC § 552 and 552(a) are for any Applications from U.S. citizens or aliens for U.S. passports and Visa requests from non-citizens to enter the U.S. Either by the name of Barack H Obama or aka., Barry Soetoro, or by any other name known or unknown, et al. and Stanley Ann Dunham's; aka Stanley Ann Soetoro.

This request is being made to secure documents relating to the Barack H. Obama, aka Barry Soetoro, and aka et al.  Or verification of requested documents that do or do not exist; these documents will be used as evidence to secure administrative or judicial due process under the United States Constitution Article I section II.

'09 MAR 5 PM 4:45

Requestor hereby requests a waiver of fees, for any reason the agency feels it cannot waive the fees, the requestor will pay only reasonable fees not more than $40.00.

This request is being made under the Freedom of Information Act at 5 USC § 552 and the Privacy Act at 552(a), Article II section I and the 14th Amendment, documents requested herein are for personal and public use, therefore I hereby request the following:

1. Request an original copy of the immigration records when he as Barry Soetoro [adopted in Indonesia] returned to Hawaii in 1971, if any, and any change of name Court records are necessary as Obama might be an illegal alien, not only not qualified to be President, but a fraud as U.S. Senator from Illinois.

2. Records from his School: Fransiskus Assisi School, Name: Barry Soetoro, Citizenship: Indonesian, Name of Parent.

3. Request original documents that would determine who Obama is, Barry Soetoro or. Barack H. Obama.

4. Request document whether Barry Soetoro is still an Indonesian citizen and if he isn't when did he become naturalized pursuant to the 14th Amendment.

5. A original copy of Records showing if Barry Seotoro is Barack H. Obamas legal name.

6. A true and correct copy of Barack H. Obama passport for the year 1979, 1980,1981 and 1982

7. A true and correct copy of Barry Soetoro passport "Indonesian" for the years 1979, 1980, 1981 and 1982

8. A true copy of Stanley Ann Dunham's passport for the years 1959, 1960, 1961, 1962 and 1963.

9. A true and correct copy of Ann Obama, aka Ann Dunhams passport.

10. Any all of the above requested documentation should include, and not be limited to: notes, changes, requests for changes, omissions, exclusions, deletions or redactions.

I am entitled to verified copies of all requested documents herein contained under statutory authority.

I, Kenneth Allen attest under the penalty of perjury, and under the laws of these United States of America, that I am Citizen of the United States and requestor for the foregoing documents under the United States Constitution I have the right to request the foregoing requested documents for the years 1961 through 2009 years.

Respectfully submitted on the _20B_ day of _Feb._, 2009

_____name

*Allen v. DHS et al.*, No. 09-CV-00373 TUC-FRZ (D. Ariz.)

**DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

# EXHIBIT J

Dep't of State Response (6-1-2009)



**United States Department of State**

*Washington, D.C. 20520*

JUN - 1 2009

Case Number: 200901157

Mr. Kenneth Allen
10055 E. Gray Hawk Dr.
Tucson, Arizona 85730

Dear Mr. Allen:

This is in response to your Freedom of Information Act (FOIA) request, received March 5, 2009, for copies of information on Barrack H. Obama, aka Barry Soetoro and his mother. Specifically you are requesting the following:

1. **Original copy of the immigration records when he as Barry Soetoro returned to Hawaii in 1971.**
2. **Records for his school: Fransiskus Assisi School, name Barry Soetoro, Citizenship: Indonesian, Name of Parent.**
3. **Original documents that would determine who Obama is, Barry Soetoro or Barrack H. Obama.**
4. **Document whether Barry Soetoro is still an Indonesian citizen and if he isn't, when he became naturalized pursuant to the 14th Amendment.**
5. **Original copy of records showing if Barry Soetoro is Barrack H. Obama's legal name.**
6. **A true and correct copy of Barrack H. Obama's passport for the years 1979 through 1982.**
7. **A true and correct copy of Barry Soetoro's passport "Indonesian" for the years 1979 through 1982.**
8. **A true copy of Stanley Ann Dunham's passport for the years 1959 through 1963.**
9. **A true and correct copy of Ann Obama's, (AKA Ann Dunham's) passport.**

---

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
   *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 2 -

The Department of State is responsible for formulating and executing U.S. foreign policy and primarily maintains records dealing with U.S. foreign relations. The Department also maintains records of applications from U.S. citizens for U.S. passports, and visa requests from non-citizens to enter the U.S., records on consular assistance provided to U.S. citizens abroad, and records of its own employees. The Department of State is comprised of hundreds of offices and overseas posts, so requesters should be specific about the records they seek.

Before we can proceed with the processing of your request, we need the additional information in the paragraphs marked below.

☒   An agreement to pay fees, as described below in the Fees Section.

☒   A valid "Third Party" authorization, as described below.

☐   Valid personal verification, as described below.

☒   Additional information and clarification, as described below.

## Fees

The Freedom of Information Act (FOIA) requires agencies to assess fees to recover the direct costs of processing requests, unless a fee waiver has been granted.

According to our regulations, by making a FOIA request, you have agreed to pay all applicable fees up to $25 unless a fee waiver has been granted. You may specify a willingness to pay a greater amount. If the estimated fees exceed this limit, you will be notified.

☐   You have stated your willingness to pay the fees incurred in the processing of this request up to $_____.

☒   Please let us know if you are willing to pay the fees that will be incurred in the processing of your request. You may set a limit of the maximum amount that you wish to pay. Please be advised that,

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 3 -

without an agreement to pay fees, your request will be processed
without cost up to the required first 2 hours of search time (for all
other requester category only) and duplication of the first 100 pages
(for all other, media, educational and non-commercial scientific
requester categories).

We will notify you of the costs incurred in processing your request as soon
as the search for, and review of, any responsive documents have been
completed.

### Fee Waiver

☒   Due to the fact that we cannot begin processing your request at this
time, we will not address whether your request would be entitled to a
fee waiver. If you wish to pursue this request, you may ask for a fee
waiver when you send us a new request, and supply the additional
information necessary to make your request valid.

Based upon the information that you have provided, we have placed you in
the requester category checked below. This request will be processed in
accordance with the fee schedule designated for that category (see 22 C.F.R.
171, enclosed).

☐   Commercial Use Requesters – Requires us to assess charges that
recover the full direct costs of searching for, reviewing for release, and
duplicating the record(s) sought.

☐   Educational Institution Requesters – Requires us to assess charges that
recover the cost of duplicating the record(s) sought only, after the first
100 pages of duplication.

☐   Non-commercial Scientific Institution Requesters – Requires us to
assess charges that recover the cost of duplicating the record(s) sought
only, after the first 100 pages of duplication.

☐   Representatives of the News Media – Requires us to assess charges
that recover the cost of duplicating the record(s) sought only, after the
first 100 pages of duplication.

☒   All Other Requesters – Requires us to assess charges that recover the
full reasonable direct cost of searching for and duplicating the

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
  *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 4 -

record(s) sought, after the first 100 pages of duplication, and the first two hours of search time.

☐ You have indicated your inclusion in a category different than the one indicated above. Please forward the information requested on the enclosed sheet titled "Requester Categories" to substantiate your inclusion in a particular category of requester.

## Expedited Processing

☐ Due to the fact that we cannot begin processing your request at this time, we will not address whether your request would be entitled to expedited processing. If you wish to pursue this request, you may ask for expedited treatment when you send us a new request, and supply the additional information necessary to make your request valid.

## Third Party Requests

In general under the provisions of the FOIA and the Privacy Act, access to information about private individuals cannot be given to unauthorized third parties absent the individuals' written consent.

The State Department requires that written consent be in the form of a signed, notarized statement from the individual(s), authorizing the Department of State to release information to the other party. The statement should bear the **original signature of the individual and original seal of the notary**, and be dated within six months of the date of the request.

In lieu of notarization, the individual may make the following statement: "I declare, certify, verify or state under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct." Such a statement must be forwarded to us **with a current date and an original signature** (faxed photocopies cannot be accepted).

☐ In cases involving a visa petitioner and one or more beneficiaries, please obtain an authorization from all parties.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
    *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 5 -

☒   For living individuals, such as **Barrack H. Obama, aka Barry Soetoro** please provide written consent (see above), or advise us that you are unable to provide such an authorization.  Requests can be processed without consent, but release of records may be severely limited to protect the privacy of the subject individual(s).

☐   In cases involving the records of minors (unmarried persons under the age of 18), please provide documentation of the parental/guardian relationship.

☐   For deceased individuals, unless the death has been widely reported, please provide proof of death (e.g., newspaper obituary or a copy of a death certificate), or advise us that none will be forthcoming.

The authorization, and your request for information from the State Department, **should <u>not</u> be submitted on a Department of Justice (G-28) or Department of Homeland Security (G-639) form, or a form from any other agency,** but rather on your letterhead or plain bond.  Please be advised that these forms do not authorize the State Department to release privacy-protected information, rather they authorize the Departments of Justice and/or Homeland Security, respectively, to release privacy-protected information.

☐   We are returning these forms to you so that you may use them to request material from those specific Departments or Agencies.

**Personal Verification**

☐   In order to process your request, you must re-submit it bearing your original signature (faxed photocopies cannot be accepted).  Your signature must be notarized, or, if a notary is not available, you must provide the following statement: "I declare, certify, verify or state under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct."

☐   Please provide your date of birth.

*Office of Information Programs and Services ·*            *Inquiries:*
*U.S. Department of State, SA-2*                          *Phone: 1-202-261-8484*
*Washington, DC 20522-8100*                              *FAX: 1-202-261-8579*
    *Website: www.foia.state.gov*                        *E-mail: FOIAStatus@state.gov*

☐ Please provide your place of birth (including city, state and/or country).

☐ Please provide your citizenship status.

## Additional Information and/or Clarification

As the Department of State consists of hundreds of offices and overseas posts, with many different filing systems, your request should be specific, detailed, and include as much of the following as might be relevant:

☐ Please specify time frame.

☒ Please narrow scope of request. **What "immigration records" do you seek in item #1 - Entry records or visa records? Please describe the records you seek in items 3, 4, and 5.**

☐ Please provide date of birth.

☐ Please provide place of birth (including city, state and/or country).

☒ Please identify the type of record, subject matter, countries and/or organizations involved. **Please clarify if you want copies of passports or passport records for items 6, and 8.**

☐ Please provide a full description of incidents, meetings, events, persons involved, etc., pertaining to the documents requested.

☐ Please indicate if persons involved are public figures or deceased individuals.

☐ Please provide any information on specific filing systems.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
     *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 7 -

### Records 25 Years or Older

☐ The State Department ordinarily transfers permanent records to the National Archives and Records Administration when they are 25 or more years old. Accordingly, requests for records 25 years or older should be addressed to:

> National Archives and Records Administration
> 8601 Adelphi Road, Room 3110
> College Park, MD   20740-6001

### Older Passport/Visa Records

☐ For pre-1925 passport records, and visa records dating 1910-1940, please write to:

> Civil Records
> National Archives and Records Administration
> Washington, DC   20408

### Other Agency Material

☐ Some of the material that you seek appears to have been originated by another agency (ies). If you wish to contact the Freedom of Information/Privacy Office of that agency (ies), the address (es) can be found on the attached list.

Based on the information contained in your communication, it appears that the below listed records you seek are not within the purview of the Department of State.

**Item 2 of your request letter, records from his school: Fransiskus Assisi School, Name: Barry Soetoro, Citizenship: Indonesian, Name of Parent**

**Item 7 of your request letter, a copy of Barry Soetoro's "passport Indonesian"**

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
*Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*

- 8 -

Please be advised that your request has been closed in our system.  If, after noting the information cited above, you wish to pursue this request, please send us a new request, which would include the additional information noted above.

For further communications, please note our contact information at the bottom of this page.  You may also refer to our website for general information and guidelines.  We can provide faster service if you include the case number of your request in your communications with us.

We are pleased to be of service to you.

Sincerely,

Patrick D. Scholl, Acting Chief
Requester Communications Branch
*ISO 9001:2000 Certified*

Enclosures:
            As stated.

*Office of Information Programs and Services*
*U.S. Department of State, SA-2*
*Washington, DC 20522-8100*
      *Website: www.foia.state.gov*

*Inquiries:*
*Phone: 1-202-261-8484*
*FAX: 1-202-261-8579*
*E-mail: FOIAStatus@state.gov*