Kenneth L Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704
kenandbetseyallen@msn.com
in Proper Person

FILED ___ LODGED ___
RECEIVED ___ COPY ___
OCT 13 2009
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____DEPUTY

## United States District Court

### District of Arizona

| | |
|---|---|
| Kenneth Allen<br><br>         Plaintiff,<br><br>vs.<br><br>Department of Homeland Security; et al.<br><br>         Defendant's | Case No.: No. 09-CV-00373-TUC-FRZ<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS DHS AND DOS ANSWER AND MOTION TO DISMISS AND MOTION FOR A VAUGHN INDEX** |

Comes Now, Plaintiff (Allen) in compliance with Local Rules 7.2 and the FRCP 6, and hereby submits the following Objection to Defendants DHS and DOS Answer, to be incorporated into the Objection, Objection to Defendants Motion to Dismiss a portion of Plaintiffs Complaint and Exhibits B thru L having a total of 69 pages of Exhibits to the above entitled Court and case.

Respectfully Submitted on Monday October 12th 2009

_____
Kenneth Allen, in proper person
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704

Kenneth L Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704
kenandbetseyallen@msn.com
in Proper Person

United States District Court

District of Arizona

| | |
|---|---|
| Kenneth Allen<br><br>Plaintiff,<br><br>vs.<br><br>Department of Homeland Security; et al.<br><br>Defendant's | Case No.: No. 09-CV-00373-TUC-FRZ<br><br>**PLAINTIFF'S OBJECTION TO DEFENDANTS PARTIAL MOTION TO DISMISS AND A MOTION FOR A VAUGHN INDEX** |

Comes now, Plaintiff in Objection to the Defendants Motion to partial dismissal of Plaintff's Amended Complaint with a partial response to the Defendants Answer to be incorporated into the pleadings. Plaintiff will also be incorporating necessary portions of Defendants pleadings.

**INTRODUCTION**

1. The Amended Complaint arises from FOIA requests submitted by Plaintiff (Allen) two to DHS and two to DOS and Plaintiffs Appeals are at issue in this instant case. The first FOIA request, sent on February 9, 2009 and not on the 19th of February as claimed by the defendants, requested a variety of putative records regarding the President, including "an original copy" of the President's birth certificate, "immigration records," naturalization records, name-change records, and passports. DHS responded to this request on February 19, 2009, and informed Allen that "DHS regulations require, in the case of third party information requests, a statement from the individual verifying his or her identity and certifying that individual's agreement that records concerning him or her may be accessed, analyzed and released to a third party." And requested that Plaintiff modify his request, however they gave no specific modification requests,

Plaintiff did not request any further information with regards to Barack Obama but modified the request asking for exactly the same information pertaining to Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro; see: Plaintff exhibit G dated 03-01-09. So its not like the Plaintff prejudiced Barack Obama.  Also see letter to Barack Obama dated March 1 2009 Exhibit E, never answered.

2. On April 1st 2009 and not March 31, 2009, Plaintiff filed an administrative appeal to DHS regarding its response to his second FOIA request dated March 18th Plaintiffs exhibit H, contending,  that federal privacy laws, and the FOIA  exemptions embodied in the FOIA, apply only to citizens,. The FOIA Act protects Citizens and residents here permanently and not illegally, according to the Federal Trade Commission and the commissioner and the commissioner Christine A. Varney "commissioner the FOIA does not protect a foreigner or alien that is not a Permanent resident of the United States of America.

3. The Privacy Act does have some limitations. Critics have charged, despite the generally laudable goals of the Privacy Act, that the Act's "routine use" exception and the "law enforcement" exception undermine the values of transparency and enhanced protection for sensitive formation. Limited remedies may also diminish enforceability. Finally, the Privacy Act applies only to federal government agencies. It does not cover state and local agencies, Congress, or the private sector. The Act also only protects U.S. citizens and aliens with permanent residence. The Privacy Act does not apply to foreigners, unions, collective associations, or corporations.

4. Defendants have incorporated by reference their answer to Plaintiffs complaint except by the incorporation of Barack Obama in any paragraph after paragraph 13, Barack Obama's name was only mentioned in 10 thru 13. I would hope that the agency if they have any information on the person named Barry Soetoro would produce the requested documents if in fact they exist.(citing Nation Magazine, 71 F.3d at 890)); see Horsehead Indus. v. EPA, No. 94-1299, slip op. at 4 n.2 (D.D.C. Jan. 3, 1997) (ruling that "y construing the FOIA request narrowly, [the

agency] seeks to avoid disclosing information"); FOIA Update, Vol. XVI, No. 3, at 3 (advising agencies on interpretation of terms of FOIA re an agency "must be careful not to read [a] request so strictly that the requester is denied information the agency well knows exists in its files, albeit in a different form from that anticipated by the requester." Specifically, agencies should be careful to undertake any "scoping" of documents found in response to a request only with full communication with the FOIA requester. I believe my request to be reasonable and I believe the information I have provided to the agency to be adequate to find the records. See 5 U.S.C. § 552(a)(3)(A) (2000 & Supp. IV 2004) (statutory provision requiring that a FOIA request "reasonably describe[]" the records sought); see also, e.g., Ledesma v. U.S. Marshals Serv., No. 05-5150, 2006 U.S. App. LEXIS 11218, at *2 (D.C. Cir. Apr. 19, 2006). The FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of the Act's nine exemptions.

5. Defendants have through their pleadings alleged that Plaintiff has used the name Barack Obama for the purpose of his Complaint, that assumption is incorrect see Plaintiffs Exhibit B, F and G , documents released pertaining to Barack Obama, his selective service records PL. EX. B., Barack Obama is only mentioned as a comparison and evidence that not all documents pertaining to Barack Obama are exempt see Plaintiffs Exhibit B, however his selective service records show his date of birth, address at that time which would in fact be considered personal information. It is therefore there factual evidence that the defendants are releasing documents related to Barack Obama that are considered exempt by statute.

6. Plaintiffs Exhibit C, this registration document was released on January 24th 2007 by Fransiskus School in Jakarta Indonesia, the registration shows Barry Soetoro was registered by his Step Father Lolo Soetoro, it also shows he was an Indonesian citizen and his religion was Islam. Plaintiffs Exhibit D has also been attached, dated August 20 1980, the divorce papers of Stanley Ann and Lolo Soetoro showing Barry Soetoro to be a person.

7. Defendants answers paragraph 14 thru 44 all refer to President Barack Obama and the person called Barry Soetoro, as the court can see Barry Soetoro is a real person and the object of the Plaintiffs Amended Complaint. Obama is only reference in the beginning of the complaint because not all documents pertaining to him are exempted under the FOIA see selective service response Plaintiff's Exhibit B.

8. Defendants complain that "Allegations concerning President Obama or concerning a person named Barry Soetoro are subject to a pending motion to dismiss, and no response is therefore required. Further, paragraph 42 contains conclusions of law, not factual allegations requiring a Response, and on that basis, Defendants deny everything.

9. Plaintiff reiterates' the fact that defendants continued use of President Obama's name does not make the complaint about Barack Obama, their actions are misleading and all conclusions of Law and factual allegations made by the Plaintiff are all true and correct to the best of his knowledge and belief.

10. Plaintiff's Exhibit E hereto attached is a letter to Barack Obama, it was never answered.

11. Plaintiff's Exhibit F contains the last FOIA with regards to Barack Obama dated February 9th 2009.

**OBJECTION TO DEFENDANTS PARTIAL MOTION TO DISMISS AND AUTHORITIES**

12. Defendants have filed a motion Pursuant to Fed. R. Civ. P. 12(b), Defendants the U.S. Department of Homeland Security and the U.S. Department of State hereby move the Court to dismiss, in part, this Freedom of Information Act action for lack of jurisdiction and for failure to state a claim for which relief can be granted. Those grounds are misleading and do not justifying dismissal.

13. The Plaintiff "Kenneth Allen" has done everything possible to get the government the DHS and the State of Department to release agency records unlawfully withheld, the plaintiff was also denied due process by the State Department completely and there for had a claim for which this

honorable court could grant relief. The Plaintiff has filed a claim in the complaint and will here demonstrate that the facts and allegation contained therein are true and correct.

Bestor v. CIA, No. 04-2049, 2005 WL 3273723, at *3 (D.D.C. Sept. 1, 2005) (dismissing Complaint under Rule 12(b)(6) where plaintiff failed to "allege or **demonstrate**" that he exhausted his administrative remedies); Flowers v. IRS, 307 F. Supp. 2d 60, 66 (D.D.C. 2004) (stating that "the exhaustion requirement is a prudential consideration, not a jurisdictional prerequisite"); Gambini v. U.S. Customs Serv., No. 5:01-CV-300, 2001 U.S. Dist. LEXIS 21336, at *4-5 (N.D. Tex. Dec. 21, 2001) (dismissing Complaint under Rule 12(b)(6) because plaintiff had not exhausted administrative remedies); see also Jones v. U.S. Dep't of Justice, No. 04-1729, 2005 U.S. Dist. LEXIS 20097, at *2 (D.D.C. Sept. 12, 2005) (characterizing exhaustion as "jurisprudential doctrine" rather than jurisdictional requirement); Boyd v. Criminal Div., U.S. Dep't

14. The defendants allege that the Plaintiff through the Freedom of Information Act ("FOIA") action, seeks private passport, travel, and other records relating to President Barack Obama, his mother, Stanley Ann Dunham, and his mother's former husband, Lolo Soetoro, from the U.S. Department of State ("DOS") and the U.S. Citizenship and Immigration Service ("USCIS"). In submitting these requests, Plaintiff has failed to comply with agency regulations promulgated to protect the personal privacy of U.S. citizens and residents. Defendants therefore move the Court to dismiss Plaintiff's Amended Complaint with Plaintiffs Exhibit A with respect to records concerning President Obama.

15. With due respect to the defendants I did not file the complaint because the government the DHS and State Department withheld documents on Barack Obama, but for Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro. The fact is that Stanley Ann Soetoro may have been in violation of or non compliance with the rule of law . *Also Stanley Ann Soetoro didn't comply with section 301 of the immigration and Nat.* Act of 1952;   Section 301(a) of the Act, 8 U.S.C. § 1401(a), defines those persons who "shall be nationals and citizens of the United States at birth." Paragraph (7) of § 301(a) includes in that definition a person born abroad "of parents one

of whom is an alien, and the other a citizen of the United States" who has met specified conditions of residence in this country. Section 301(b), however, provides that one who is a citizen at birth under § 301(a)(7) shall lose his citizenship unless, after age 14 and before age 28, he shall come to the United States and be physically present here continuously for at least five years. I quote the statute in the margin.[401 U.S. 817 of Rogers v. Bellie decided in 1971] The plan thus adopted by Congress with respect to a person of this classification was to bestow citizenship at birth, but to take it away upon the person's failure to comply with a post-age-14 and pre-age-28 residential requirement. It is this deprival of citizenship, once bestowed, what are in question here are documents that pertain to Stanley Ann Soetoro.

16. Plaintiffs Exhibit G was the last FOIA with regards to Barack Obama dated February 19th 2009, consists of the request and answer.

17. Plaintiffs Exhibit H, a response from DHS and the Appeal, I would just like to remind the court that at no time did the DHS inform me that I had a right to appeal their decision, so I sent the appeal to both DHS and Plaintiffs Exhibit J, letter from the Department of commerce, that agency explained that my appeal had been misdirected.

18. Plaintiffs Exhibit L demonstrates the Department of States failure to comply at all with the FOIA to the point they have in fact denied Plaintiffs right to due process of FOIA mandate. An agency is required to make a "determination" on the merits of a FOIA appeal within 20 working days of receipt. 5 U.S.C. § 552(a)(6)(A)(ii). The agency must "immediately notify the person making such request of the provisions for judicial review of that determination." Id.

    1. An agency may unilaterally extend the response deadline by up to 10 working days in "unusual circumstances," but only upon giving written notice to the requester. 5 U.S.C. § 552(a)(6)(B)(i). This right may not be exercised if the agency has already exceeded its 10 day response deadline for the initial request.

    2. FOIA requires any denial of a request to list the "names and titles or positions of each person responsible for the denial." 5 U.S.C.§ 552(a)(6)(C).

"An agency seeking to withhold information under an exemption to FOIA has the burden of proving that the information falls under the claimed exemption." <u>GC Micro Corp. v. Defense Logistics Agency</u>, 33 F.3d 1109, 1113 (9th Cir. 1994); <u>see</u> <u>also</u> <u>Lewis v. IRS</u>, 823 F.2d 375, 378 (9th Cir.1987). This favorable burden of proof provides rarefied air indeed for a plaintiff's attorney to breathe. The FOIA permits requesters to treat an agency's failure to comply with its specific time limits as full, or "constructive," exhaustion of administrative remedies.[110] Thus, when an agency does not respond to a perfected request within the twenty-day (excepting Saturdays, Sundays, and legal holidays.

19. The agency has a responsibility to inform the requestor (Plaintiff) that he or she has a right to an administrative appeal and where to direct it. Neither the DHS or the Department of State did that; The special right to immediate judicial review that arises from the lack of a timely response lapses if an agency responds to a request at any time before the requester's FOIA suit is filed; in that situation, the requester <u>must </u>administratively appeal a denial and wait at least twenty working days for the agency to adjudicate that appeal -- as is required by 5 U.S.C. § 552(a)(6)(A)(ii) -- before commencing litigation.[115] This latter point was well established by the Court of Appeals for the District of Columbia Circuit in <u>Oglesby v. U.S. Dep't of the Army</u>, which held that "an administrative appeal is mandatory if the agency cures its failure to respond within the statutory period by responding to the FOIA request before suit is filed."[116] Thus, under <u>Oglesby</u>, if a FOIA requester waits beyond the twenty-day period for the agency's initial response and then, in fact, receives that response before suing the agency, the requester must exhaust his administrative appeal rights before litigating the matter. If an agency makes an adverse determination after the requester has filed suit, however, the requester need not first administratively appeal that determination before pressing forward with the court action.

20. In fact the State Department closed the Plaintiffs FOIA case before contacting the Plaintiff, and only then told the Plaintiff to refile the FOIA, see Plaintiffs Exhibit L where they state that the case had been closed in their system; Regardless of whether the agency's response is timely,

the requester's exhaustion obligation may be excused if the agency's response fails to supply notice of the right to file an administrative appeal, as required by 5 U.S.C. § 552(a)(6)(A)(i),[119] or ultimately to supply notice of the right to appeal.

**STATEMENT OF FACTS**

21. Plaintiffs Exhibit I was the DHS response to the FOIA Appeal dated April 15 2009 where the stated that I treat their letter as a denial and take action in the appropriate court. And Plaintiffs Exhibit K will clearly show that the DHS has promised to release non exempt document pertaining to Lolo Soetoro. The "sole cognizable public interest for FOIA is the interest 'to open agency action to the light of public scrutiny,' to inform the citizenry 'about what their government is up to.'"Rosenfeld v. U.S. Dep't of Justice, 57 F.3d 803, 811 (9th Cir. 1995) (quoting Dep't of Justice v. Reporters Comm. for Freedom of the Press, 489 U.S. 749, 773 (1989)). It is not designed to allow the citizenry unfettered access to the private affairs of other citizens, however famous they may be. Billington v. Department of Justice, 11 F. Supp. 2d 45, 62 (D.D.C. 1998) (although public officials in some circumstances have diminished privacy, they maintain privacy interests in nonpublic information), aff'd in part, vacated in part on other grounds, 233 F.3d 581 (D.C. Cir. 2000). Thus, private information about a public figure that does not reveal the operations or activities of government "falls outside the ambit of the public interest that the FOIA was enacted to serve." Reporters Comm., 489 U.S. at 775. The FOIA (along with the Privacy Act of 1974, 5 U.S.C. § 552a, and other statutory and regulatory provisions) is carefully crafted to balance the public interest in disclosure of government information with an individual's right to privacy. See Blazy v. Tenet, 194 F.3d 90, 96 (D.C. Cir. 1999) (quoting Legislative History of the Privacy Act of 1974, at 861 (1976) (noting that the original congressional staffs observed that "[p]erhaps the most difficult task in drafting Federal privacy legislation was that of determining the proper balance between the public's right to know about the conduct of their government and their equally important

right to have information which is personal to them maintained with the greatest degree of confidence by Federal agencies")). Again I must persist on the fact that the Defendant maintains Barck Obama is the target of this complaint, I say they are wrong, this complaint is for the release of documents pertaining only to the Soetoro's , Barry, Stanley Ann and Lolo.

In a case before the Supreme in 1990 brought by The American Civil Liberties Union and Computer Professionals for Social Responsibility in of Respondents No. 90-747, the case being about how to evaluate competing interests in privacy and open government under Exemption . That exemption provides that agencies may withhold only <u>personal information</u> "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. S. 552(b) (6) (1986) (emphasis added). Although the names and addresses at issue here are personal information that implicates an Exemption 6 privacy interest, that interest does not outweigh the strong public interest in the light that their release would shed on implementation of the Government's immigration policy. Thus, their disclosure would not "constitute a clearly unwarranted invasion of personal privacy," and FOIA compels their release.

**STANDARD OF REVIEW**

22. The United States district courts are vested with exclusive jurisdiction over FOIA cases by section (a)(4)(B) of the Act, which provides in pertinent part: On complaint, the district court of the United States in the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia, has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complaintant,  Allen v Soetoro, 09-Cv-00373-Tuc-FRZ was filed on July 6th 2009 and Amended on September 21 2009. Allen v DHS, 09-CV-00373-TUC-FRZ.

23. This Court will not grant the defendants' motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

9

his claim which would entitle him to relief. In fact here we have an agency that has waited until after the complaint has been filed, then decides to promise the release of documents. see: [PL. EX. K], referring to Lolo Soetoro. " See Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99 (1957); Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). Accordingly, at this stage in the proceedings, the Court must accept as true all of the complaints' factual allegations. See Doe v. United States Dep't of Justice, 753 F.2d 1092, 1102 (D.C. Cir. 1985). Plaintiffs are entitled to "the benefit of all inferences that can be derived from the facts alleged." Kowal, 16 F.3d at 1276.

The Defendants have concluded that the Plaintiffs complaint be dismissed where it pertains to Barack Obama, there is only reference to Barack Obama , paragraphs 10 thru 13 can be removed from the complaint if that would resolve defendants complaint . The Complaint pertains only to Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro.

**NOT ALL THE DOCUMETS ARE EXEMPT**

24. As a general rule, "[t]he 'segregability requirement applies to all documents and all exemptions in the FOIA.' To meet this requirement, agency declarations must address the issue "with reasonable specificity."[302] Indeed, conclusory language in agency declarations that does not provide a specific basis for segregability findings by district courts may be found inadequate.

25. Gavin v. SEC, No. 04-4522, 2005 WL 2739293, at *4 (D. Minn. Oct. 24, 2005) (ordering agency to provide detailed affidavits as record is insufficient to enable determination as to whether agency has sustained its burden of reasonable segregability), reconsideration denied, 2006 WL 208783 (D.D.C. Jan. 26, 2006); Edmonds Inst. v. U.S. Dep't of the Interior, 383 F. Supp. 2d 105, 110 (D.D.C. 2005) (directing defendant to produce more detailed Vaughn Index because its "generalized paragraph on segregability" does not suffice); The Wilderness Soc'y v. U.S. Dep't of the Interior, 344 F. Supp. 2d 1, 19 (D.D.C. 2004) (holding that "a blanket

declaration that all facts are so intertwined to prevent disclosure . . . does not constitute a sufficient explanation of non-segregability"); Wiener v. FBI, No. 83-1720, slip op. at 13 (C.D. Cal. Sept. 27, 2004) (finding that agency's conclusory justifications fail to meet agency's burden of proof regarding segregability); Dorsett v. U.S. Dep't of the Treasury, 307 F. Supp. 2d 28, 41 (D.D.C. 2004) (denying summary judgment in part "[b]ecause of [agency's] inadequate and conclusory segregability explanation," and ordering renewed motion with affidavit solely addressing segregability); Animal Legal Def. Fund, 44 F. Supp. 2d at 301 (holding that conclusory statement regarding segregability is "patently insufficient"); see also Patterson v. IRS, 56 F.3d 832, 839 (7th Cir. 1995) ("[B]ecause the [agency declaration] lumps all of the withheld information together in justifying nondisclosure, the district court could not have independently evaluated whether exempt information alone was being withheld or deleted in each instance."). 5 U.S.C. § 552(b) (2000 & Supp. IV 2004) (sentence immediately following exemptions). Pub. L. No. 93-502, 88 Stat. 1561. See Billington v. U.S. Dep't of Justice, 233 F.3d 581, 586 (D.C. Cir. 2000) (emphasizing that the FOIA's segregability requirement limits exemption claims to "discrete units of information; to withhold an entire document, all units of information in that document must [be exempt]"); Schiller v. NLRB, 964 F.2d 1205, 1209 (D.C. Cir. 1992) ("'The focus in the FOIA is information not documents and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material.'" (quoting Mead Data Cent., Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977))); see also Attorney General's Memorandum on the 1974 Amendments to the Freedom of Information Act 14 (Feb. 1975); FOIA Update, Vol. XIV, No. 3, at 11-12 ("OIP Guidance: The 'Reasonable Segregation' Obligation"). But cf. Piper & Marbury, L.L.P. v. USPS, No. 99-2383, 2001 WL 214217, at *4 (D.D.C. Mar. 6, 2001) (magistrate's recommendation) (erroneously extrapolating from the segregability mandate the notion that "there is no authority for the proposition that entire documents are exempt from FOIA"), adopted (D.D.C. Mar. 30, 2001). See Thomas v. U.S. Dep't of Justice, No. 1

declaration that all facts are so intertwined to prevent disclosure . . . does not constitute a sufficient explanation of non-segregability"); Wiener v. FBI, No. 83-1720, slip op. at 13 (C.D. Cal. Sept. 27, 2004) (finding that agency's conclusory justifications fail to meet agency's burden of proof regarding segregability); Dorsett v. U.S. Dep't of the Treasury, 307 F. Supp. 2d 28, 41 (D.D.C. 2004) (denying summary judgment in part "[b]ecause of [agency's] inadequate and conclusory segregability explanation," and ordering renewed motion with affidavit solely addressing segregability); Animal Legal Def. Fund, 44 F. Supp. 2d at 301 (holding that conclusory statement regarding segregability is "patently insufficient"); see also Patterson v. IRS, 56 F.3d 832, 839 (7th Cir. 1995) ("[B]ecause the [agency declaration] lumps all of the withheld information together in justifying nondisclosure, the district court could not have independently evaluated whether exempt information alone was being withheld or deleted in each instance."). 5 U.S.C. § 552(b) (2000 & Supp. IV 2004) (sentence immediately following exemptions). Pub. L. No. 93-502, 88 Stat. 1561. See Billington v. U.S. Dep't of Justice, 233 F.3d 581, 586 (D.C. Cir. 2000) (emphasizing that the FOIA's segregability requirement limits exemption claims to "discrete units of information; to withhold an entire document, all units of information in that document must [be exempt]"); Schiller v. NLRB, 964 F.2d 1205, 1209 (D.C. Cir. 1992) ("'The focus in the FOIA is information not documents and an agency cannot justify withholding an entire document simply by showing that it contains some exempt material.'" (quoting Mead Data Cent., Inc. v. U.S. Dep't of the Air Force, 566 F.2d 242, 260 (D.C. Cir. 1977))); see also Attorney General's Memorandum on the 1974 Amendments to the Freedom of Information Act 14 (Feb. 1975); FOIA Update, Vol. XIV, No. 3, at 11-12 ("OIP Guidance: The 'Reasonable Segregation' Obligation"). But cf. Piper & Marbury, L.L.P. v. USPS, No. 99-2383, 2001 WL 214217, at *4 (D.D.C. Mar. 6, 2001) (magistrate's recommendation) (erroneously extrapolating from the segregability mandate the notion that "there is no authority for the proposition that entire documents are exempt from FOIA"), adopted (D.D.C. Mar. 30, 2001). See Thomas v. U.S. Dep't of Justice, No. 1

**CONCLUSION**

Regardless of whether the agency's response is timely, the requester's exhaustion obligation may be excused if the agency's response fails to supply notice of the right to file an administrative appeal, as required by 5 U.S.C. § 552(a)(6)(A)(i), For the reasons discussed above, Plaintiff ( Kenneth Allen) respectfully requests that this court not dismiss any part of the Amended Complaint.

Respectfully submitted this 11th day of October 11, 2009

_____

Kenneth Allen

10055 E Gray Hawk Dr

Tucson Arizona 85730