ALLEN V. DHS, ET. AL; 09-CV-00373-TUC-FRZ (D. AZ)

**PLAINTIFFS OBJECTION TO DEFENDANTS MOTION TO DISMISS AND MOTION FOR A VAUGHN INDEX.**

# Plaintiffs Exhibit H
# 18 pages with cover

EXHIBIT H

Response from FOIA regarding Barry Soetoro dated March 18th 2009 NRC 2009014617
From DHS
Freedom of Information Act Appeal Dated April 1 2009
Cert# 7008 0150 0000 7240 4756 DHS Dept. of Commerce # 7008 0150 0000 7240 2714
Addressed to: US Citizenship and Immigration
National service records center, FOIA/PA

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature RECEIVED<br>X   APR - 6 2009      ☐ Agent  ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery<br>NATIONAL RECORDS CENTER |
| 1. Article Addressed to:<br>US Citizenship and Immigration<br>National Records Center<br>Fria / PA Office<br>PO Box 648010<br>Lees Summit, MO<br>64064-8010 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail   ☐ Express Mail<br>☐ Registered     ☐ Return Receipt for Merchandise<br>☐ Insured Mail   ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)  ☐ Yes |
| 2. Article Number (Transfer from service label) | 7008 0150 0000 7240 4756 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

7008 0150 0000 7240 2714

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To: Asst General Counsel Rm# 5898C
Street, Apt. No.; or PO Box No. US Dept of Commerce
City, State, ZIP+4 Washington DC 20230

PS Form 3800, August 2006    See Reverse for Instructions

**EXHIBIT 3 page 2**

Response from FOIA regarding Barry Soetoro dated March 18th 2009 NRC 2009014617
From DHS
Freedom of Information Act Appeal Dated April 1 2009
Cert# 7008 0150 0000 7240 4756 DHS Dept. of Commerce # 7008 0150 0000 7240 2714
Addressed to: US Citizenship and Immigration
National service records center, FOIA/PA



U.S. Department of Homeland Security
P.O. Box 648010
Lee's Summit, MO 64064-8010



U.S. Citizenship
and Immigration
Services

March 18, 2009

NRC2009014617

Kenneth Allen
10055 E. Gray Hawk Drive
Tucson, AZ 85730

Dear Kenneth Allen:

We received your request for information relating to Barry Soetoro on March 18, 2009.

Your request is being handled under the provisions of the Freedom of Information Act
(5 U.S.C. § 552). It has been assigned the following control number: NRC2009014617. Please cite this number in any further inquiry about this request.

In accordance with Department of Homeland Security Regulations (6 C.F.R. § 5.3(c)), your request is deemed to constitute an agreement to pay any fees that may be chargeable up to $25.00. Fees may be charged for searching for records sought at the respective clerical, professional, and/or managerial rates of $4.00/$7.00/$10.25 per quarter hour, and for duplication of copies at the rate of $.10 per copy. The first 100 copies and two hours of search time are not charged, and the remaining combined charges for search and duplication must exceed $14.00 before we will charge you any fees. Most requests do not require any fees; however, if fees in excess of $25.00 are required, we will notify you beforehand.

Additionally, we respond to requests on a first-in, first-out basis and on a multi-track system. This is to inform you that your request has been placed in the complex track. Since your request is on the complex track, you may wish to modify it to identify a specific document(s), the exact information sought, and location if known. Upon receipt, we will reconsider your request for eligibility for the faster track.

This office is now able to offer you the option of having your records copied to a Compact Disc (CD) for use on your personal computer. This option is an alternative to paper copies. The CD is readable on all computers through the use of Adobe Acrobat software. A version of Adobe Acrobat will be included on the CD. Your records can be viewed on your computer screen and can be printed onto paper. Only records 15 pages or more are eligible for CD printing. Attorneys automatically receive CDs, unless they contact us to request paper copies. Once an attorney has requested paper copies, all future responsive records will be provided via paper – there is no need to call again. For individuals (i.e., non-attorneys) please call our office at 816-350-5570 to order your record on CD. Once you request your records on either CD or paper, all future records will be furnished in the format you have requested.

**In order to continue processing your request, we ask that you provide the following: Other Documentation. The subject of record must sign the form. Please note your control number with any correspondence you send. Please provide this information within 30 days, otherwise your request will be administratively closed as a failure to comply.**

USCIS no longer collects Social Security Numbers in connection with FOIA or PA requests. When forwarding to us any documents related to your request, please ensure any Social Security Numbers on the documents are blanked out or removed.

www.uscis.gov

NRC2009014617
Page 2

You may check the status of your FOIA request online, at www.uscis.gov. Go to the "Freedom of Information Act" link at the bottom of the web page and then click on "FOIA Request Status Check" listed under the "Related Links" and follow the instructions. If you have any questions concerning your pending FOIA/PA request, please address them to this office, Attention: FOIA/PA Officer, or call us at 816-350-5570, or fax any FOIA/PA related correspondence to 816-350-5785. If you have questions concerning the status of a pending Application or Petition or any other type of immigration matter, you must contact your local District Office or call the National Customer Service Unit at 1-800-375-5283. The National Records Center cannot assist you concerning any pending Applications or Petitions or any other type of immigration matter.

Sincerely,

T. Diane Cejka
Director

**U.S. Department of Homeland Security**

March 19, 2009

P.O. Box 648010
Lee's Summit, MO 64064-8010

NRC2009014617

We cannot locate records responsive to your request based upon the information you provided. The information below might help us locate a record. **Please submit the requested information with this form. Failure to respond to this request for additional information will cause your request to be administratively closed.**

If you have questions about your request, please direct your inquiries to this office at the above address. You may also call us at **(816) 350-5570** or fax correspondence to **(816) 350-5785**.

All requested information is checked below:

- ☒ **Signature from the subject of the request signed under penalty of perjury or notarized as permitted by 28 U.S.C. 1746.**
- ☒ **Alien Number**
- ☐ Death Certificate
- ☒ **Application / Petition Receipt Number**
- ☐ Copy of Passport or Visa
- ☒ **Names of your parents**
- ☒ **Any other names you have previously used**
- ☐ Copy of INS / USCIS / ICE documents given to you by the agency (such as a Notice of Action or Approval/Denial Letter
- ☐ I-94 number
- ☐ A copy of your Driver's License
- ☐ A copy of a picture identification card with your name and signature on the card
- ☒ **Birth date**
- ☒ **Date of Entry**
- ☒ **Port of Entry**
- ☒ **Country of Birth**
- ☐ Other:

The National Record Center (NRC) has the responsibility to ensure that personally identifiable information (PII) pertaining to U.S. Citizenship and Immigration Services (USCIS) clients is protected. In our efforts to safeguard this information, we are requesting that additional information be provided to facilitate and correctly identify records responsive to your request. THOUGH SUBMISSION OF THIS INFORMATION IS VOLUNTARY, without this information, your request may be delayed while additional steps are taken to ensure the correct responsive records are located and processed. Further, if we are unable to positively identify the subject of the record we MAY be unable to PROVIDE RECORDS RESPONSIVE TO your FOIA request

# Freedom of Information and Privacy Act Appeal

RE: NRC2009014617    Cert# 7008 0150 0000 7240 4756

7008 0150 0000 7240 2714

Date: April 1 2009

Kenneth Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704

U.S. Citizenship and Immigration Services
National Records Center, FOIA/PA Office
P. O. Box 648010
Lee's Summit, MO 64064-8010
(816) 350-5570
Fax (816) 350-5785
uscis.foia@dhs.gov

Assistant General Counsel for Administration (Office)
Room 5898-C
U.S. Department of Commerce
14th and Constitution Avenue, N.W.
Washington, D.C. 20230.

RE: **NRC 2009014617** Freedom of Information Act Request at 5 USC § 552 and the Privacy Act at 5 USC § 552(a), and Article II section I

This is an Appeal pursuant to the freedom of information act relating to a FOIA under 5 USC § 552 and § 552(a) dated March 1st 2009 number NRC 2009014617 that originating from a Foia under 5 USC § 552 and 552(a) dated February 9th 2009 reference number NRC 2009008466, those copies are attached along with a copy of Barry Soetoro's school records to prove that in fact Barry Soetoro does exist. And that Mr. Soetoro at one time or another did migrate from Indonesia to the United States and it is the duty of DHS and Immigration to know where he was at all times. The purpose of this appeal is really about having the signature of a foreigner for non exempt information. The exemptions (6)(7) are for personal and not public information.

1

The original FOIA dated February 9th 2009 and was a request for information relating to Barack Obama aka Barry Soetoro. And the request I am appealing is the request dated March 1st 2009. In Opening remarks the US Citizenship and Immigration agency stated that; we received your request for information on March 18th 2009, I find that odd because they never returned my receipt and their response was dated March 18th 2009. I sent the request certified 70081140000373751719 on March 1 2009, and due to the fact that I didn't have the signed copy I wouldn't know what when they received the document.  The Request was made to secure documents relating to Barry Soetoro.

This request was modified as requested by DHS in the first request dated February 9th 2009 so my request only included Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro. They also requested that I write a letter to Barack H Obama asking for his permission to release documents that pertained to him, which I did that document "the letter to Obama" also attached. And I was given 30 days in which to respond with the information pursuant to 6 CFR § 5.21(f), to date I have never received a response from Barack Obama.

The request under 5 USC §§ 552 and 552(a) and Article II § I were for document relating to Barry Soetoro, Lolo Soetoro and Stanley Ann Soetoro. The information was not private information but should have been public information and of interest to the public.

To make it very clear to the DHS and US Citizenship and Immigration I gave them a brief history of Barry Soetoro as I will here. Barry Soetoro's mother had to relinquish her son's U.S. citizenship in order to obtain Indonesian citizenship. The United States could not allow dual citizenship with Indonesia at that time; as Indonesia did not allow dual citizenship, and it was prohibited by the Hague Convention of 1930, as interfering with the internal affairs of another sovereign Country.

2

In addition, upon return to the United States in and around 1971-1972, Barry Soetoro would have been required to go through the then current immigration procedures to regain his U.S. citizenship. There is no record of him ever doing that. Even if he had done so, he would be considered a naturalized citizen and not a "natural born" citizen.

Additionally, assuming Barry Soetoro was born in what is now Kenya, at the time of Senator Obama's birth in 1961, Kenya was the British Protectorate of Zanzibar and Barry Soetoro automatically became a British Subject under Section 32(1) of the British Nationality Act of 1948, effective date January 28, 1949, based on his father's citizenship.

Finally, in 1981, Barry Soetoro traveled to Pakistan, when there was a ban for U.S. citizens to travel to Pakistan, therefore the only logical possibility for him to do so was by using one of his other passports: Indonesian, Kenyan, or British.

In original legal action filed by Mr. Berg, he presented Barry Soetoro's school registration, showing him registered as Barry Soetoro, Citizenship-Indonesian, Religion Islam, signed by L. Soetoro. From 1945, Indonesia has not allowed dual citizenship and, therefore, Ms. Dunham-Obama-Soetoro, Barry Soetoro's mother, had to relinquish her son's U.S.citizenship in order to obtain Indonesian citizenship for him, which would make him a citizen of Indonesia and no loner a citizen of Kenya or even the United States had he been born there.. Additionally, the United States could not allow dual citizenship with Indonesia at that time, as Indonesia did not allow dual citizenship, and it was prohibited by the Hague Convention of 1930, as interfering with the internal affairs of another sovereign Country.

Therefore my request being modified as requested was for; an original copy of the immigration records pertaining to Barry Soetoro [adopted in Indonesia], returned to Hawaii in 1971, if any. Documents as to whether Barry Soetoro is still an Indonesian citizen; and if he is not; documentation of when he became a naturalized citizen

3

pursuant to the 14th Amendment. True and correct copies of Barry Soetoro passports for the years: 1979, 1980, 1981 and 1982, including, but not limited to: A true and correct copy of Barry Soetoro's "Indonesian" passport for the years: 1979, 1980, 1981 and 1982; A true and correct copy of Barry Soetoro's passport including documented history of travel to Pakistan, and nationality contained therein for the years 1981 and 1982. Any all of the above requested documentation should include, and not be limited to: notes, changes, requests for changes, omissions, exclusions, deletions or redactions. A true and correct copy of Stanley Ann Obama, aka Stanley Ann Dunhams, aka Stanley Ann Soetoro's passport, and all history for the years 1959 through 1987 this request is not subject to 6 CFR section 5.21(f), the subject is deceased. A true and correct copy of the passport history of Lolo Setoro, M A. This request is not subject to 6 CFR sections 5.21(f).

I stated that I was entitled to verified copies of all requested documents under statutory authority. I also promised to pay any fees although I think this would fall under a media request and exempt from fees. I reminded them if they couldn't produce the document to please state so. Therefore any and all of the requested documents under 5USC §§ 552 and 552(a) and the constitution should include, and not be limited to: notes, changes, omissions, exclusions, deletions or redactions.

### The FOIA Act protects Citizens and residents here permanently and not illegally

According to the Federal Trade Commission and the commissioner and the commissioner Christine A. Varney "commissioner the FOIA does not protect a foreigner or alien that are not a Permanent resident of the United States of America. The following document was prepared in part by the Commissioner.

The Privacy Act does have some limitations. Critics have charged, despite the generally laudable goals of the Privacy Act, that the Act's "routine use" exception and the "law enforcement" exception undermine the values of transparency and enhanced protection

4

for sensitive formation. Limited remedies may also diminish enforceability. Finally, the Privacy Act applies only to federal government agencies. It does not cover state and local agencies, Congress, or the private sector. **The Act also only protects U.S. citizens and aliens with permanent residence. The Privacy Act does not apply to foreigners,** unions, collective associations, or corporations. To that end, the U.S. Office of Management and Budget (OMB) are responsible for the Act's implementation and is considering needed policy changes. Substantive changes in the Privacy Act, however, must await Congressional action.

As a reminder the 4th and 14th Amendment's protection may not extend to an illegal alien. And the Government isn't obligated to protect information belonging to foreigners or need permission as required under 6 CFR § 5.21(f). It also doesn't require me to present an application for information on an alien, and I do not know what his Alien number is that's why I filed this FOIA to obtain that information. Barry Soetoro is not a citizen of the United States or an alien with a permanent residence, Mr. Soetoro is a citizen of Indonesia, and you may refer to the school records attached from Barry Soetoros School in Indonesia. I can however give you the names of his Mother [Stanley Ann Soetoro] and Father [Lolo Soetoro] with an Address of Menteng Dalam r001/003 and a residence date of 1-1-1968. So we know that Barry Soetoro was an Indonesian citizen at the age of 7 and that he had ties in Hawaii. It would seem that Mr. Soetoro would have gone through immigration and customs at some point between 1961 and 2009.

Barry Soetoro's religion is Islam, or it was in 1968 no one can know what it is in 2009. 5 U.S.C. § 552(a)(3)(A) (2000 & Supp. IV 2004) (providing that "each agency, upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available to any person"). But see id. At § 552(a) (3) (E) (prohibiting, as of 2002, certain agency FOIA disclosures to foreign governments or representatives of such governments); see also FOIA Post, "FOIA

5

Amended by Intelligence Authorization Act" (posted 12/23/02) (advising on 2002 FOIA amendments' implementation).

Mr. Barry Soetoro may also be guilty of the following, even under the guise of another person; Inadmissible Aliens - Any alien who at the time of entry, or while adjusting status was within an inadmissible class. INA§237 (a)(1)(A); Presently in Violation of Law - Any alien who is present in the United States in violation Violated Nonimmigrant Status or Condition of Entry INA§237 (a)(1)(C); of this Act, or any other law of the United States. INA §237 (a)(1)(B); Smuggling - Any alien who encouraged, induced, assisted, abetted, or aided any other alien to enter or to try to enter the United States in violation of the law. INA §237 (a)(1)(E);Marriage Fraud INA §237 (a)(1)(G); Criminal Offenses INA §237 (a)(2)(A) and (B); Document Fraud INA §237 (a)(3)(C); Falsely Claiming Citizenship - Any alien who falsely represents, or has falsely represented, him or herself to be a citizen of the United States for any purpose or benefit. INA §237 (a) (3) (D);

I would hope that the agency if the have any information on the person named Barry Soetoro would produce the requested documents **if in fact they exist**.(citing Nation Magazine, 71 F.3d at 890)); see Horsehead Indus. v. EPA, No. 94-1299, slip op. at 4 n.2 (D.D.C. Jan. 3, 1997) (ruling that "[b]y construing the FOIA request narrowly, [the agency] seeks to avoid disclosing information"); FOIA Update, Vol. XVI, No. 3, at 3 (advising agencies on interpretation of terms of FOIA re an agency "must be careful not to read [a] request so strictly that the requester is denied information the agency well knows exists in its files, albeit in a different form from that anticipated by the requester." Specifically, agencies should be careful to undertake any "scoping" of documents found in response to a request only with full communication with the FOIA requester. I believe my request to be reasonable and I believe the information I have provided to the agency to be adequate to find the records. See 5 U.S.C. § 552(a)(3)(A) (2000 & Supp. IV 2004) (statutory provision requiring that a FOIA request "reasonably describe[]" the records sought); see also, e.g., Ledesma v. U.S. Marshals Serv., No. 05-5150, 2006 U.S. App.

6

LEXIS 11218, at *2 (D.C. Cir. Apr. 19, 2006). The FOIA requires that "any reasonably segregable portion of a record" must be released after appropriate application of the Act's nine exemptions.

According to judicial watch and Tom Fitton."Sanctuary policies are affront to the rule of law, worsen illegal immigration crises, and put American citizens at risk," said Judicial Watch President Tom Fitton. "Local police departments cannot continue to undermine federal immigration law. The Chicago Police Department should be required to comply with the Illinois Freedom of Information Act so taxpayers can understand its immigration policies."His case also illustrates, however, the value of the FOIA. The public clearly has a "substantial interest" in knowing the identities of criminals among us; that's why we see "Wanted by the FBI" posters in every U.S. Post Office in America. It's why police so often ask the public for help in finding accused criminals who are at large. It's why the "Amber" system works so well in finding kidnapped kids. It's also why the Save acts works; employers are able to identify aliens who use fraudulent document to acquire a job.

Public Interest

In a case before the Supreme in 1990 brought by The American Civil Liberties Union and Computer Professionals for Social Responsibility in of Respondents No. 90-747, the case being about how to evaluate competing interests in privacy and open government under Exemption . That exemption provides that agencies may withhold only personal information "the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. S. 552(b) (6) (1986) (emphasis added). Although the names and addresses at issue here are personal information that implicates an Exemption 6 privacy interest, that interest does not outweigh the strong public interest in the light that their release would shed on implementation of the Government's immigration policy. Thus, their disclosure would not "constitute a clearly unwarranted invasion of personal privacy," and FOIA compels their release.

7

The Government also ignores the full range of public interests to be considered in Exemption 6 and 7(C) cases. Consistent with FOIA's general philosophy of full disclosure, this Court has long held that FOIA's disclosure requirements are to be read broadly and its exemptions Construed narrowly. U.S. Dept. of Justice v. Julian, 486 U.S. 1, 8 (1988) (citing FBI v. Abramson, 456 U.S. 615, 630 (1982); Dept. of the Air Force v. Rose, 425 U.S. 352, 361 (1976)). This interpretive maxim requires a broad definition of the public interests to be considered in Exemption 6 and 7(C) cases. Thus, Reporters Committee held that courts considering the public-interest side of the balance in such cases must determine whether release of the requested information would "shed any light on the conduct of any Government agency or official." 489 U.S. at 773 (emphasis added).

The information Requester seek in this case undeniably would shed light on the Department of Homeland Security and US Citizenship and Immigration Services conduct concerning its Indonesian and foreign repatriation policy. Release of the names and addresses would reveal the source of the facts underlying an aspect of the nation's immigration policy where it pertains to **Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro**. It would further FOIA's "basic purpose . . . 'to open agency action to the light of public scrutiny,'" Rose, 425 U.S. at 372, by telling the public against whom the Government enforced its policy of repatriation and upon whom the Department of Homeland Security relied in evaluating that policy and in deciding to continue it therefore denying my request for records concerning Barry Soetoro and his connection to Barack H. Obama. Exemption 7 only protects private information of citizens and Permanent residents, not of illegal aliens or unregistered aliens.

The public has a strong interest in knowing the names and addresses of Barry Soetoro because their disclosure would shed light on the Department's performance of its duty to monitor Indonesian and unlawful entry into the United States and on the Government's decision to continue its policy of repatriating In contrast, the Government has failed to demonstrate the existence of a strong privacy interest on the part of the

8

interviewees. Thus, in this case, the public interest in disclosure outweighs the limited privacy interest implicated by revealing the identities of Barry Soetoro, et al. Government has failed to establish that any invasion of privacy would result from disclosure would be "clearly unwarranted." Accordingly, this appeal should be granted and the requested information herein should be released.

Exemption 7(C), by its terms, permits an agency to withhold a document only when revelation "could reasonably be expected to constitute an unwarranted invasion of personal privacy." We must next address what factors might warrant an invasion of the interest described in FOIA.

United States Department of Justice v. Julian, 486 U.S. 1, 13 -14 (1988), and although the FBI's policy of granting the subject of a rap sheet access to his own criminal history is consistent with its policy of denying access to all other members of the general public, see supra, at 752, the rights of the two press respondents in this case are no different from those that might be asserted by any other third party, such as a neighbor or prospective employer. As we have repeatedly stated, Congress "clearly intended" the FOIA "to give any member of the public as much right to disclosure as one with a special interest [in a particular document]." NLRB v. Sears, Roebuck & Co., 421 U.S. 132, 149 (1975); see NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 221 (1978); FBI v. Abramson, 456 U.S. 615 (1982). As Professor [489 U.S. 749, 772]   Davis explained: "The Act's sole concern is with what must be made public or not made public."

Thus whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to "the basic purpose of the Freedom of Information Act `to open agency action to the light of public scrutiny.'" Department of Air Force v. Rose, 425 U.S., at 372 , rather than on the particular purpose for which the document is being requested. In our leading case on the FOIA, we declared that the Act was designed to create a broad right of access to "official

9

information." EPA v. Mink, 410 U.S. 73, 80 (1973). 20 In his dissent in that case, Justice Douglas characterized the philosophy of the statute by quoting this comment by Henry Steele Commager:

> "'The generation that made the nation thought secrecy in government one of the instruments of Old World tyranny and committed itself to the principle that a democracy cannot function unless the people are permitted [489 U.S. 749, 773] to know what their government is up to.'" Id., at 105 (quoting from The New York Review of Books, Oct. 5, 1972, p. 7) (emphasis added).

This basic policy of "full agency disclosure unless information is exempted under clearly delineated statutory language,'" Department of Air Force v. Rose, 425 U.S., at 360 -361 (quoting S. Rep. No. 813, 89th Cong., 1st Sess., 3 (1965)), indeed focuses on the citizens' right to be informed about "what their government is up to." Official information that sheds light on an agency's performance of its statutory duties falls squarely within that statutory purpose. That purpose, however, is not fostered by disclosure of information about private citizens that is accumulated in various governmental files but that reveals little or nothing about an agency's own conduct. In this case - and presumably in the typical case in which one private citizen is seeking information about another - the requester does not intend to discover anything about the conduct of the agency that has possession of the requested records. Indeed, response to this request would not shed any light on the conduct of any Government agency or official.

Requestor argues that there is a twofold public interest in learning about Barry Soetoro's past. What I have said should make clear that the public interest in the release of any information requested on Barry Soetoro that may exist is not the type of interest protected by the FOIA. But that interest falls outside the ambit of the public interest that the FOIA was enacted to serve.

10

Finally, we note that Congress has provided that the standard fees for production of documents under the FOIA shall be waived or reduced "if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester." 5 U.S.C. 552(a)(4)(A)(iii) (1982 ed., Supp. V). Although such a provision obviously implies that there will be requests that do not meet such a "public interest" standard, we think it relevant to today's inquiry regarding the public interest in release of information on Barry Soetoro records. Congress once again expressed the core purpose of the FOIA as "contributing significantly to public understanding of the operations or activities of the government.

## The Request for Information

The Requester see's disclosure of any record(s), document(s), file(s), communications, memorandum(a), order(s), agreement(s) and/or instruction(s), created from 1961 to the present, that were prepared, received, transmitted, collected and/or maintained by the U.S. Citizenship and Immigration Services or any of its components, including but not limited to the Counterintelligence Field Activity Agency for Barry Soetoro or his father and mother Lolo Soetoro and Stanley Ann Soetoro.

## Conclusion

In conclusion the requestor named here as Kenneth Allen, hereby requests that the information requested under 5 USC §§ 552 and 552(a) with respect to Barry Soetoro, Lolo Soetoro and Stanley Ann Soetoro be released in the interests of the public good. The public interest in the release of any information requested on Barry Soetoro that may exist is not the type of interest protected by the FOIA. But that interest falls outside the ambit of the public interest that the FOIA was enacted to serve. And as a member of Judicial Watch, I also feel it is in the interest of National Security that these documents be released.

11

I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this. 31st March 09

BY _____

Kenneth Allen

On 3-31, 2009 date of statement before me Fernando Cordova a notary public appeared Kenneth Allen, personally known to me ( or proven thereto) on the basis of evidence to be the person whose name is subscribed therein the above Freedom of Information Act and Privacy Act, and that by such signature on the said instrument has in fact executed the above mentioned document.

WITNESS my hand and seal.

_____
Notary public

SEAL

"OFFICIAL SEAL"
Fernando Cordova
Notary Public-Arizona
Pima County
My Commission Expires 7/31/2011

12