ALLEN V. DHS, ET. AL; 09-CV-00373-TUC-FRZ (D. AZ)

**PLAINTIFFS OBJECTION TO DEFENDANTS MOTION TO DISMISS AND MOTION FOR A VAUGHN INDEX.**

# Plaintiffs Exhibit K
# 3 pages with cover



*Office of the Chief Counsel*

**U.S. Department of Homeland Security**
20 Massachusetts Avenue N.W., Room 4210
Washington, DC 20529

**U.S. Citizenship and Immigration Services**

September 17, 2009

APP2009000253

Mr. Kenneth Allen
10055 E. Gray Hawk Drive
Tucson, AZ 85730

Re: Freedom of Information Act Request #NRC2009014617

Dear Mr. Allen:

This responds to your March 31, 2009, notarized Freedom of Information Act (FOIA) Appeal of the U.S. Citizenship and Immigration Service's (USCIS) March 18, 2009, response to your February 9 and March 1, 2009, FOIA requests for "information relating to Barack Obama a.k.a. Barry Soetoro."

The basis for your FOIA appeal appears to be that part of the response wherein the USCIS requested the "[s]ignature of the subject of the request, signed under penalty of perjury or notarized as permitted by 28 U.S.C. 1746." Please be advised that the aforementioned agency reply is in complete compliance with the law and departmental policy governing the USCIS' disclosure of records pertaining to surviving private individuals to unrelated third party requesters.

The Privacy Act of 1974, 5 U.S.C. §§ 552a *et seq.*, states, in pertinent part:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.

5 U.S.C. § 552a(b). To the extent that the USCIS has a record pertaining primarily to President Barack Obama, it would be incorporated into a Privacy Act protected system of records referred to as the *Alien File/Central Index System* (A-file/CIS), DHS-USCIS-001: A-file/CIS System of Records, 72 *Fed. Reg.* 1755 (Tuesday January 16, 2007).[1] For a requester to gain access to an alien

---

[1] The alien file, or A-file, is the official and most comprehensive record of Immigration and Nationality Act (INA) transactions (e.g. alien applications for benefits under the INA); it is here that all INA transactions involving a particular individual are documented and stored as he/she passes through the U.S. immigration and inspection process. The *Alien File/Central Index System* is a centralized and consolidated electronic system of records through which A-files are stored, maintained, updated, tracked and retrieved. Although the USCIS is the official custodian of all A-files and the system manager for the *Alien File/Central Index System*, both the files and system are shared with U.S. Immigration and Customs Enforcement, U.S. Customs and Border Protection, and the U.S. Department of State, all of which create, use, and/or contribute to the documentation found in A-files. All official records generated or held by U.S. immigration authorities pertaining to INA transactions involving any particular alien should, as a matter of course, be consolidated in an A-file maintained under, and retrievable by reference to, that alien's name, alien registration number, and date of birth, among other identifiers, or a combination thereof.

Page 2 - Freedom of Information Act Request #NRC2009014617

file maintained in this system of records pertaining to someone other than the requester, that unrelated third party requester would have to produce a "consent to disclosure" or "waiver of confidentiality," signed by the subject of the requested record, designating the requester an authorized recipient of that record. 6 C.F.R. §§ 5.3 & 5.21. Alternatively, an unrelated third party requester can gain access to an alien file, or any part thereof, in the absence of consent, if the agency is required to disclose the requested record pursuant to the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 *et seq. See also* 5 U.S.C. § 552a(b)(2).

Alien files are not the type of records required to be routinely disclosed to unrelated third party requesters by the FOIA. Subsection 552(b)(6) of the FOIA permits the Government to withhold all information about individuals in "personnel files and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The U.S. Supreme Court has interpreted "similar files" broadly to include "detailed Government records on an individual which can be identified as applying to that individual." *U.S. Department of State v. Washington Post Co.*, 456 U.S. 595, 601-602 (1982). In this case, alien files contain sensitive, intimate details lifted from the lives of identifiable private individuals who have sought some benefit under the INA, but have not given up all vestiges of personal privacy in exchange for the privilege. The sort of information contained in alien files has "privacy value" similar to information generally found in personnel files. Thus, alien files constitute "similar files" as contemplated by subsection (b)(6) of the FOIA. *See e.g. Ligorner v. Reno*, 2 F. Supp. 2d 400, 405 (S.D.N.Y. Mar. 26, 1998) (noting that "similar files" refers to files that have a privacy value similar to those found in medical and personnel files). Consequently, the disclosure of information found in an alien file to an unrelated third party requester, generally, would constitute a clearly unwarranted invasion of personal privacy, and this agency would not be required to routinely disclose such information under the FOIA. In the absence of a valid waiver of confidentiality, the USCIS did not initiate a search for documents responsive to your FOIA requests for records relating to President Barack Obama.

It has been duly noted that you have raised an objection to this agency's reliance on the Privacy Act in requesting that you provide proof of consent to disclosure, signed by the subject of the requested file. You have asserted that the Privacy Act is inapplicable to your request because subsection 552a(a)(2) of the Act defines "individual," as used therein, to mean "a citizen of the United States or an alien lawfully admitted for permanent residence." The gravamen of your protest is founded on the presumption that the individual to whom the record you have requested pertains is neither a U.S. citizen nor an alien lawfully admitted to the U.S. for permanent residence. In this regard, there are several points of which you should be aware: (1) There is no known factual support for the presumption under which you have been operating; (2) even if the presumption proved true, the agency's position regarding the application of the Privacy Act to alien files would remain virtually unaffected since the Privacy Act has been administratively extended by the U.S. Department of Homeland Security, of which the USCIS is part, to encompass all agency records containing sensitive, personal information on private individuals, regardless of their immigration/citizenship status; and finally (3) the USCIS does not maintain alien files wherein native-born United States citizens are the primary subjects of the records – since such records do not exist, a request for access to an alien file pertaining to a native-born U.S. citizen would yield nothing for such a requester.

Page 3 - Freedom of Information Act Request #NRC2009014617

With respect to your request for records pertaining to the deceased Stanley Ann Dunham, the USCIS observes that, according to your request and appeal, Ms. Dunham was a native-born U.S. citizen; as such, the USCIS would not be expected to maintain an alien file regarding her. Nonetheless, the USCIS has, at its discretion, conducted a search of the *Alien File/Central Index System* for records maintained under, and retrievable by reference to, that name and possible associated aliases. That search failed to uncover any responsive records. The USCIS has also commenced a search for records maintained under, and retrievable by reference to, the name Lolo Soetoro (also deceased).[2] At such time as records pertaining to Lolo Soetoro are located, the USCIS will disclose all nonexempt, non-privileged portions of the record to you. To the extent that you seek official records pertaining to the administration of U.S. passport operations, such records are generated and controlled by the U.S. Department of State. Any request for access to such information, therefore, should be filed with that agency. Records of international border crossings (entry/exit records) are generated and maintained by U.S. Customs and Border Protection; requests for such information should be filed with that agency.

As has been demonstrated, the March 18, 2009 USCIS request for a signed consent to disclosure from Barack Obama is legally sound and appropriate in all other respects. Consequently, this office must affirm that determination. The USCIS determination regarding records relating to Stanley Ann Dunham and Lolo Soetoro has been affirmed in part and modified as set forth above. Inasmuch as you have a complaint regarding the aforementioned FOIA requests pending in the United States District Court for the District of Arizona, iterating your right to file such a complaint, here, is an unnecessary formality.

Sincerely,

*[signature: Eric N. Banks]*

Peter D. Gregory, Chief
Commercial and Administrative Law Division
U.S. Citizenship and Immigration Services
U.S. Department of Homeland Security

---

[2] Because both these individuals are widely known to be deceased, the USCIS waives, at its discretion, your obligation to provide proof of death. *See* 6 C.F.R. § 5.3.