

Kenneth L Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704
kenandbetseyallen@msn.com
in Proper Person

United States District Court

District of Arizona

Kenneth Allen )  Case No.: No. 09-CV-00373-TUC-FRZ
  )
   Plaintiff, )  **MOTION FOR A VAUGHN INDEX**
  )
  vs. )
  )
Department of Homeland Security; et al. )
  )
   Defendant's )

Comes Now, Plaintiff Kenneth Allen and hereby submits this Motion for a Vaughn Index from the Defendants the DHS and DOS.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Plaintiff has filed a request from DHS and the State Department for documents relating to Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro , in each case the defendants have claimed exemptions under the FOIA and failed to follow FOIA mandate. In a response from the Defendants dated September 17th 2009 Defendants DHS stated "[The USCIS has also commenced a search for records maintained under, and retrievable by reference to, the name Lolo Soetoro (also deceased).2 At such time as records pertaining to Lolo Soetoro are located, the USCIS <u>will disclose all nonexempt, non-privileged portions of the record to you]</u>". To this date they haven't released anything. It has been held that since the burden of proof in an FOIA case was on the agency, the agency should be required to index all records (or portions thereof) for which it claimed an exemption. The index was to contain a description of each category of material withheld (on a line-by-line basis if necessary), the exemption(s) claimed for each, and

an explanation of why they applied. The court recognized that compiling such indexes, which are commonly known as *Vaughn* indexes, could place a great burden on agencies but expressed its belief that this was where the FOIA meant for the burden to be placed.

The requirements for an adequate *Vaughn* index have been refined in subsequent cases. *E.g., Pacific Architects Eng., Inc. v. Renegotiation Board*, 505 F.2d 383 (D.C. Cir. 1974); *Cuneo v. Schlesinger*, 484 F.2d 1086 (D.C. Cir. 1973). The Ninth Circuit requires a much more detailed *Vaughn* index than any of the other circuits. *Wiener v. FBI*, 943 F.2d 972 (9th Cir. 1991). The procedure is now universally accepted as a standard one for FOIA cases so that a substantial majority are decided on the basis of the requester's pleadings on one side and the agency's *Vaughn* index with supporting affidavits on the other.

As a result, questions concerning the adequacy of the government's pleading frequently become a central issue in an FOIA case. Such questions are most common in Exemption 1 (*i.e.*, national security) cases. These involve some considerations not generally applicable to the other exemptions. The generally accepted test for deciding an FOIA case in the Government's favor on the basis of a *Vaughn* index and supporting affidavits does.

The affidavits must show, with reasonable specificity, why the documents fall within the exemption. The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague, or sweeping. If the affidavits provide specific information sufficient to place the documents within the exemption category, if this information is not contradicted by the record, and if there is not evidence in the record of agency bad faith, then summary judgment is appropriate. . .

*Hayden v. National Security Agency/Central Security Service*, 608 F.2d 1381, 1387 (D.C. Cir. 1979). *See Oglesby v. U.S. Dept. of Army*, 79 F.3d 1177 (D.C. Cir. 1996), for an example of a determination that a *Vaughn* index was inadequate.

The government must define functional categories of documents; it must conduct a document-by-document review to assign documents to proper categories; and it must explain to the court

how the release of each category would interfere with enforcement proceedings.

*Husek v. IRS*, No. 91-6231 (2d Cir. Jan. 28, 1992) (unpublished order), 956 F.2d 1161 (2d Cir. 1992) (table cite) (Exemption 6: public interest in scrutinizing the hiring decisions of federal agencies outweighs the de minimus privacy interest federal employees have in their citizenship, date of birth, educational background, veteran's preference, and in narrative comments and codes).

**CONCLUSION**

Fore the forgoing reason this Honorable Court should enjoin the Defendants the DHS and DOS to produce a Vaughn Index.

/////

///

Respectfully submitted Monday, October 12, 2009

_____

Kenneth L Allen, in proper person

10055 E Gray Hawk Dr

Tucson Arizona 85730