TONY WEST
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRIGHAM J. BOWEN (DC Bar No. 981555)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C.  20044
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH ALLEN,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF HOMELAND SECURITY and U.S. DEPARTMENT OF STATE, *et al.*,<br><br>　　　Defendants. | 09-CV-00373-TUC-FRZ<br><br>**DEFENDANTS' CONSOLIDATED REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS AND OPPOSITION TO PLAINTIFF'S MOTION FOR A *VAUGHN* INDEX** |

As demonstrated in Defendants' partial motion to dismiss [Dkt. #15], Plaintiff's Freedom of Information Act ("FOIA") requests concerning President Barack Obama and/or a person named "Barry Soetoro" fail to comply with agency regulations that require valid privacy waivers before agencies will begin searching for records relating to living third party individuals.  Because of this failure to comply, insofar as Plaintiff's Amended Complaint seeks such records, it must be dismissed for failure to exhaust administrative remedies. Plaintiff's request for a *Vaughn* index [Dkt. #20] must also be rejected.

**ARGUMENT**

Mr. Allen's objection largely ignores — and therefore concedes — the grounds for dismissal set forth in Defendants' motion.  Allen does not contest that the applicable agency

regulations[1] have been validly promulgated, nor does he contest that by failing to submit valid privacy waivers from the purported targets of his inquiries, he failed to comply with these regulations. Likewise, Allen fails to counter settled law holding that compliance with agency FOIA regulations is mandatory and that, accordingly, where requesters fail to comply with such regulations, their FOIA claims must be dismissed. 5 U.S.C. § 552(a)(3)(A); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *see also In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986) (observing that exhaustion of administrative remedies is "required under the FOIA before that party can seek judicial review" and that "[w]here no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine").

Rather than address these dispositive issues, Allen's objection focuses on other matters, most of which are irrelevant to the legal questions presented in Defendants' motion, and none of which provide any grounds for avoiding dismissal. Most prominent is the repeated contention that Allen is not seeking records concerning President Obama, but is only seeking records concerning a separate individual he identifies as "Barry Soetoro." *See* Pl.'s Objection at 2, 3, 4. This being the case, Plaintiff apparently does not (and could not) object to the dismissal of any and all claims relating to records concerning the president, and dismissal is therefore manifestly warranted as to such records.

As to the requests for records concerning Barry Soetoro, Allen's arguments avail him nothing. Allen appears, for example, to rely on the notion that the Privacy Act "does not apply to foreigners" to contend that the Defendants' privacy-waiver regulations do not apply to records concerning Barry Soetoro (apparently presumed to be an non-permanent-resident alien). Pl.'s Objection at 2. Even assuming such a person exists and is an alien — which the government does not concede — this Privacy Act argument is a red herring. Although the policies which inform the Privacy Act similarly inform the FOIA, it has long been held that

---

[1] 22 C.F.R. § 171.12(a) (Department of State ("DOS")); 6 C.F.R. §§ 5.3, 5.21(f) (Department of Homeland Security ("DHS")).

all aliens enjoy privacy rights co-extensive with those held by U.S. citizens under the FOIA. *Judicial Watch, Inc. v. DHS*, 514 F. Supp. 2d 7, 9 n.4 (D.D.C. 2007) ("[F]oreign nationals are entitled to the same privacy rights under FOIA as United States citizens"); *Schiller v. INS*, 205 F. Supp. 2d 648, 662 (W.D. Tex. 2002) ("Aliens [and] their families ... have a strong privacy interest in nondisclosure of their names, addresses, and other information which could lead to revelation of their identities"). The alleged citizenship status of Barry Soetoro, then, is immaterial to Allen's obligation to comply with Defendants' regulations.

Allen also contends that he was not given notice of his right to appeal and that some of his requests did not receive responses within the statutory twenty-day deadline, apparently to support the argument that he has constructively exhausted his administrative remedies and may pursue his suit. Pl.'s Objection at 7-8, 12. While it is true that where an agency fails to timely respond to a FOIA request and/or fails to provide notice of the right to appeal an agency determination, a litigant may be deemed to have constructively exhausted his administrative remedies, these circumstances do not excuse the litigant from complying with *other* regulatory or statutory requirements, such as the payment of fees and, as here, compliance with agency privacy regulations. *See Ramstack v. Dep't of Army*, 607 F. Supp. 2d 94, 102-103 (D.D.C. 2009) (plaintiff failed to exhaust administrative remedies because request failed to comply with agency regulations, even though agency response was not provided by statutory deadline); *Lee v. DOJ*, 235 F.R.D. 274, 286 (W.D. Pa. 2006) (dismissing FOIA claims, despite agency failure to respond, because plaintiff failed to verify his identity in accordance with agency regulations).[2]

Nor does Allen's argument that a supposed public interest in personal documents concerning Barry Soetoro — presuming such a person exists — justify excusing Allen from his exhaustion obligations. *See* Pl.'s Objection at 9. Personal information of the sort sought

---

[2] A contrary rule would upend the FOIA's statutory scheme by excusing the vast majority of requesters (who do not receive agency responses within twenty working days, as required by the FOIA) from the statutory requirement to comply with agency FOIA regulations. *See* 5 U.S.C. § 552(a)(3)(A).

3

by Allen, which fails to reveal the operations or activities of government at any meaningful level, "falls outside the ambit of the public interest that the FOIA was enacted to serve." *Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 775 (1989); Def.'s Mot. to Dismiss at 4. As explained by the U.S. Citizenship and Immigration Service ("USCIS") in its September 17 letter determination regarding Allen's appeal, USCIS records responsive to Allen's request, should they exist, would be contained in USCIS's *Alien File/Central Index System*, a document system which contains individualized records regarding aliens who have sought benefits under the Immigration and Nationality Act. Def.'s Ex. F (USCIS Appeal Determination) at 1-2; *see also* Def.'s Ex. J (DOS June 1, 2009 Ltr) at 5-7. Such records contain "sensitive, intimate details lifted from the lives of identifiable private individuals" and have a privacy value similar to information generally found in personnel files, which are protected from disclosure under the FOIA. USCIS Appeal Determination at 1-2; 5 U.S.C. § 552(b)(6); *Ligorner v. Reno*, 2 F. Supp. 2d 400, 405 (S.D.N.Y. 1998). Disclosure of this information (or similar information held by the Department of State) would do nothing "'to open agency action to the light of public scrutiny'" or "to inform the citizenry 'about what their government is up to.'" *Rosenfeld v. U.S. Dep't of Justice*, 57 F.3d 803, 811 (9th Cir. 1995) (quoting *Reporters Comm.*, 489 U.S. at 773).

Should Allen have a genuine interest in the "the implementation of the Government's immigration policy," Pl.'s Objection at 9, there are myriad other avenues he could explore (via the FOIA or otherwise) to obtain information short of a fishing expedition for personal details, barred from disclosure by the FOIA, regarding a single individual he imagines may exist. The Defendants' privacy regulations are designed to prevent precisely this kind of unwarranted intrusion into the private information of individuals, and the Court should not countenance Allen's attempt to evade his obligation to comply with those regulations.

Finally, Allen's calls for segregability determinations and for a *Vaughn* index similarly miss the mark. Because it is known even prior to any search for documents that the

4

information sought by Allen, if it exists (i.e., private information regarding a third party individual), is itself protected from disclosure, there is no need for an additional segregability determination. *Cotton v. Adams*, 798 F. Supp. 22, 27 (D.D.C. 1992) (determining that releasing any portion of the documents would "abrogate the privacy interests" when the request is for documents pertaining to two named individuals); *Schonberger v. NTSB*, 508 F. Supp. 941, 945 (D.D.C. 1981) (stating that no segregation was possible when request was for one employee's file), *aff'd*, 672 F.2d 896 (D.C. Cir. 1981) (unpublished table decision). And the *Vaughn* index is a creature of litigation, designed to allow the *Court*, at the summary judgment stage, to evaluate the basis for an agency's withholdings. It is not required during the administrative process at all, much less where, as here, (1) there are no documents to index (because there has been no search); and (2) the requester has failed to comply with agency regulations and is therefore barred from attempting to subject Defendants' responses to his unperfected requests to judicial review. *See*, *e.g.*, *Schaake v. IRS*, No. 91-958, 1992 U.S. Dist. LEXIS 9418, at *9-*11 (S.D. Ill. June 3, 1992); *SafeCard Servs. v. SEC*, No. 84-3073, slip op. at 3-5 (D.D.C. Apr. 21, 1986); *see also Judicial Watch, Inc. v. Clinton*, 880 F. Supp. 1, 11 (D.D.C. 1995) ("Agencies need not provide a Vaughn Index until ordered by a court after the plaintiff has exhausted the administrative process."), *aff'd on other grounds*, 76 F.3d 1232 (D.C. Cir. 1996).

## CONCLUSION

FOIA requesters must comply with agency regulations, and Allen (who disclaims any interest in records concerning President Obama) has failed to do so with regard to his requests for records concerning "Barry Soetoro." The Court should therefore grant Defendants' partial motion to dismiss Plaintiff's Amended Complaint and deny Allen's motion for a *Vaughn* index.[3]

---

[3] Defendants also request that the Court dismiss John Does 1 through 49 as defendants in this lawsuit. *See* Mot. to Dismiss at 6 n.6 (observing that Allen only intends to maintain his suit against DHS and DOS and requesting dismissal).

5

Dated: November 5, 2009

Respectfully submitted,

TONY WEST
Assistant Attorney General

ELIZABETH J. SHAPIRO
Deputy Branch Director

*s/ Brigham J. Bowen*
BRIGHAM J. BOWEN
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

Mailing Address:
Post Office Box 883
Washington, D.C.  20044

Courier Address:
20 Massachusetts Ave., N.W.
Washington, D.C. 20001

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2009, I caused a copy of the foregoing Consolidated Reply in Support of Defendants' Partial Motion to Dismiss and Opposition to Plaintiff's Motion for a *Vaughn* Index be sent via first-class mail, postage pre-paid, to:

> Kenneth L. Allen
> 10055 E. Gray Hawk Dr.
> Tucson, AZ 85730

November 5, 2009                              *s/ Brigham J. Bowen*