Kenneth L Allen
10055 E Gray Hawk Dr
Tucson Arizona 85730
520-514-9704
kenandbetseyallen@msn.com
in Proper Person



United States District Court

District of Arizona

| | |
|---|---|
| Kenneth Allen | Case No.: No. 09-CV-00373-TUC-FRZ |
| Plaintiff, | **REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS VAUGHN INDEX** |
| vs. | |
| Department of Homeland Security; et al. | |
| Defendant's | |

Comes Now, Plaintiff Kenneth Allen and hereby submits this Reply Memorandum in Support of Plaintiffs Vaughn Index from the Defendants the DHS and DOS.

**MEMORANDUM OF POINTS AND AUTHORITIES**

It would seem that the Defendants believe that the burden of proof is now on the Plaintiff to prove that he complied with FOIA Mandate and that a Vaughn Index isn't necessary, in fact the Vaughn index is a necessary tool with regards to the FOIA . The documents I have requested would help should there be further litigation. As we know a member of the Islamic brotherhood has attacked and killed 13 and wounded 32 others if Fort Hood We don't know who Barry Soetoro is, we know he went to school in Indonesia, we also know he went to school in California at the Occidental College, he may have went to school in Hawaii. After finding out that the Administration knew about Major Hasan what does DOS and the Dos know about Mr Soetoro? in King, 830 F.2d at 219; see, e.g., Maine v. U.S. Dep't of the Interior, 298 F.3d 60, 65 (1st Cir. 2002); Rugiero v. U.S. Dep't of Justice, 257 F.3d 534, 544 (6th Cir. 2001) (explaining that Vaughn Index enables court to make "independent assessment" of agency's exemption

1

claims), Campaign for Responsible Transplantation v. FDA, 219 F. Supp. 2d 106, 116 (D.D.C. 2002) ("Without a proper Vaughn index, a requester cannot argue effectively for disclosure and this court cannot rule effectively."); Cucci v. DEA, 871 F. Supp. 508, 514 (D.D.C. 1994) ("An adequate Vaughn index facilitates the trial court's duty of ruling on the applicability of certain invoked FOIA exemptions, gives the requester as much information as possible that he may use to present his case to the trial court and thus enables the adversary system to operate."); cf. Antonelli v. Sullivan, 732 F.2d 560, 562 (7th Cir. 1984) (holding that no Vaughn Index is required when small number of documents is at issue and affidavit contains sufficient detail); Moye, O'Brien, O'Rourke, Hogan & Pickert v. Nat'l R.R. Passenger Corp., No. 02-126, 2003 WL 21146674, at *6 (M.D. Fla. May 13, 2003) ("'Vaughn indexes are most likely to "create balance between the parties."

The Plaintiff has filed a request from DHS and the State Department for documents relating to Barry Soetoro, Stanley Ann Soetoro and Lolo Soetoro , in each case the defendants have claimed exemptions under the FOIA and failed to follow FOIA mandate. In a response from the Defendants dated September 17th 2009 Defendants DHS stated "[The USCIS has also commenced a search for records maintained under, and retrievable by reference to, the name Lolo Soetoro (also deceased).2 At such time as records pertaining to Lolo Soetoro are located, the USCIS will disclose all nonexempt, non-privileged portions of the record to you]". Also see Plaintiffs Exhibit L DOS FOIA reply dated June 1 2009 whee the State Department... concedes that they can release documents with respect to Barack Obama and Barry Soetoro if in fact they refuse to answer a request from me in writing, that request was made and never answered, however with respect to the Department of State they closed the case before I could ever answer allowing the Plaintiff no opportunity to comply with their request.

Although this Court may deny my request for a Vaughn Index at this time, the court however should order the DOH and DOS to produce the agency records they have conceded to have and are not exempt such as records pertaing to both Barry Soetoro and Lolo Soetoro.

It would however clear the playing grounds if the Plaintiff had some documentation from the agency's. To this date they haven't released anything. It has been held that since the burden of proof in an FOIA case was on the agency, the agency should be required to index all records (or portions thereof) for which it claimed an exemption. The index was to contain a description of each category of material withheld (on a line-by-line basis if necessary), the exemption(s) claimed for each, and an explanation of why they applied. The court recognized that compiling such indexes, which are commonly known as *Vaughn* indexes, could place a great burden on agencies but expressed its belief that this was where the FOIA meant for the burden to be placed and not on the Plaintiff.

The requirements for an adequate *Vaughn* index have been refined in subsequent cases. *E.g., Pacific Architects Eng., Inc. v. Renegotiation Board*, 505 F.2d 383 (D.C. Cir. 1974); *Cuneo v. Schlesinger*, 484 F.2d 1086 (D.C. Cir. 1973). The Ninth Circuit requires a much more detailed *Vaughn* index than any of the other circuits. *Wiener v. FBI*, 943 F.2d 972 (9th Cir. 1991). The procedure is now universally accepted as a standard one for FOIA cases so that a substantial majority are decided on the basis of the requester's pleadings on one side and the agency's *Vaughn* index with supporting affidavits on the other.

As a result, questions concerning the adequacy of the government's pleading frequently become a central issue in an FOIA case as my requests because we can see how the Government uses and protects its people, what really happened in Fort Hood?. Such questions are most common in Exemption 1 (*i.e.*, national security) cases. These involve some considerations not generally applicable to the other exemptions. The generally accepted test for deciding an FOIA case in the Government's favor on the basis of a *Vaughn* index and supporting affidavits does. If Barry Soetoro is protected (ie.) because of security reasons than the DOH and DOS should provided adequate documents to prove so.

A true <u>Vaughn</u> index identifies discrete portions of documents and identifies the exemption pertaining to each portion of the document. In most cases, such an index provides the date,

source, recipient, subject matter and nature of each document in sufficient detail to permit the requesting party to argue effectively against the claimed exemptions and for the court to assess the applicability of the claimed exemptions.

**CONCLUSION**

Fore the forgoing reason this Honorable Court should enjoin the Defendants the DHS and DOS to produce a Vaughn Index or if they feel that it is a little premature this court should order the Defendants to release agency records that aren't exempt so that the Plaintiff has an equal chance regarding this litligation.

/////

///

Respectfully submitted Tuesday , November 10, 2009

_____

Kenneth L Allen, in proper person

10055 E Gray Hawk Dr

Tucson Arizona 85730