IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Allen, | No. CV 09-373-TUC-FRZ |
| Plaintiff, | **ORDER** |
| vs. | |
| Department of Homeland Security; U.S. Department of State, et al., | |
| Defendants. | |

Pending before the Court is Defendants' partial motion to dismiss Plaintiff's Freedom of Information Act ("FOIA") requests as they relate to information Plaintiff seeks regarding President Barack Obama and "Barry Soetoro" who Plaintiff apparently believes is President Obama's alternative identity.[1]  For the reasons stated below, the motion is granted.

**Background**

Plaintiff has filed this FOIA action seeking judicial review in his attempt to gain, in part, information regarding President Obama, "aka Barry Soetoro", according to Plaintiff's filings. Plaintiff filed a total of four FOIA requests with two federal agencies: the U.S. Department of State ("DOS") and the U.S. Citizenship and Immigration Service ("USCIS") which is part of the Department of Homeland Security ("DHS").  Plaintiff's FOIA requests to these two agencies included requests for President Obama's or "Barry Soetoro's":  birth certificate, immigration records, naturalization records, name-change records, passports, "information that would pertain to aka Barry Soetoro or Barack H. Obama", "a copy of Barack Obama's legal name", "Barack H. Obama's birth certificate from Hawaii", "immigration records . . . as Obama might be an illegal alien, not only not qualified to be President, but a fraud as a

---

[1] Plaintiff often refers to President Barack Obama as "aka Barry Soetoro" in his FOIA requests and documents filed in this case.

1  U.S. Senator from Illinois", "original documents that would determine who Obama is, Barry
2  Soetoro, or Barack H. Obama", "documents [pertaining to whether] Barry Soetoro is still an
3  Indonesian citizen".  Upon receipt of these various FOIA requests, both the USCIS and the
4  DOS informed Plaintiff that as he was seeking personal information regarding a third party
5  (i.e., President Obama and "Barry Soetoro"), the respective agencies' published regulations
6  required Plaintiff to obtain a waiver from these third parties allowing him to access their
7  information.  There is no dispute or allegation that Plaintiff obtained and submitted a valid
8  waiver from President Obama or "Barry Soetoro" granting Plaintiff the right to view the
9  personal information requested as required by the published regulations of both the DOS and
10 the USCIS.  As such, the DOS and the USCIS denied Plaintiff's FOIA requests for failure
11 to comply with their published regulations.

12 **Discussion**

13 As Defendants correctly argue, the "sole cognizable public interest for FOIA is the interest
14 to open agency action to the light of public scrutiny, to inform the citizenry about what their
15 government is up to."  *Rosenfeld v. U.S. Dept. of Justice*, 57 F.3d 803, 811 (9th Cir.
16 1995)(internal quotes and citations omitted); *see also U.S. Dept. of Justice v. Reporters*
17 *Committee for Freedom of Press*, 489 U.S. 749, 773, 775 (1989)(finding that an agency's
18 refusal to release an alleged mobsters rap sheet was proper as such an FOIA request "falls
19 outside the ambit of the public interest that the FOIA was enacted to serve" as it does not
20 further the purpose of the FOIA which is to "open agency action to the light of public
21 scrutiny, to inform the public about what their government is up to."); *Blazy v. Tenet*, 194
22 F.3d 90, 96 (D.C. Cir. 1999)(discussing the intersection of the FOIA, the Privacy Act and its
23 legislative history and "noting that the original congressional staffs observed that [p]erhaps
24 the most difficult task in drafting Federal privacy legislation was that of determining the
25 proper balance between the public's right to know about the conduct of their government and
26 their equally important right to have information which is personal to them maintained with
27 the greatest degree of confidence by Federal agencies.")(internal quotes and citations
28 omitted).

Presumably to protect the private information of third parties reflected in agency records, the DOS and the USCIS abide by published regulations whereby a party seeking personal information about a third party must obtain a waiver from the subject third party to obtain the pertinent documents. *See* 22 C.F.R. §171.12(a)("[R]equests for records pertaining to another individual shall be processed under the FOIA and must be accompanied by a written authorization for access by the individual, notarized or made under penalty of perjury, or by proof that the individual is deceased (e.g., death certificate or obituary)."); 6 C.F.R. §5.3(a)("If you are making a request for records about another individual, either a written authorization signed by that individual permitting disclosure of those records to you or proof that that individual is deceased (for example, a copy of a death certificate or an obituary) must be submitted."). The FOIA specifies that an agency's obligation to search for records is only triggered upon a FOIA request "made in accordance with published rules stating . . procedures to be followed"; there is no dispute or allegation that Plaintiff actually obtained a waiver from President Obama or "Barry Soetoro" for the records at issue as required by the applicable regulations. *See* 5 U.S.C. §552(a)(3)(A). Furthermore, there is case law reflecting that the failure to comply with FOIA agency regulations subjects such non-perfected FOIA requests to dismissal. *See West v. Jackson*, 448 F. Supp. 2d 207, 211 (D.D.C. 2006); *Dale v. IRS*, 238 F. Supp. 2d 99, 103 (D.D.C. 2002); *In re Steele*, 799 F.2d 461, 465-66 (9th Cir. 1986); *Freedom Magazine V. IRS*, 1992 U.S. District LEXIS 18099, 10-13 (C.D. Cal. 1992). Accordingly, as Plaintiff did not comply with FOIA agency regulations as he failed to obtain and submit third party waivers from President Obama and "Barry Soetoro", Plaintiff's FOIA claims as they pertain to President Obama and Barry Soetoro are dismissed.[2]

---

[2] The Court notes that Plaintiff raises some arguments in his opposition to the partial motion to dismiss which are unavailing. For example, Plaintiff seems to argue that "Barry Soetoro" ("aka Barack Obama") is a not a U.S. citizen and therefore is not entitled to the privacy rights at issue; however, aliens are entitled to privacy rights similar to those of U.S. citizens under the FOIA. *See Judicial Watch, Inc. v. DHS*, 514 F. Supp. 2d 7, 9 n. 4 (D.D.C. 2007); *Schiller v. INS*, 205 F. Supp. 2d 648, 662 (W.D. Tex. 2002). Plaintiff argues in part that since the agencies in question did not give him notice of his right to appeal or he did not receive responses to his FOIA requests within 20 days as required by the applicable authority, his failure to comply with the regulations in question

1  The Court notes that Defendants request that "John Does 1 through 49" be dismissed from
2  this case as Plaintiff has conceded that only DOS and DHS are the only proper parties named
3  in this action. Defendant's request is granted.

4  **Conclusion**

5  Accordingly, IT IS HEREBY ORDERED as follows:

6  (1) Defendants' partial motion to dismiss (Doc. #15) Plaintiff's Amended Complaint to the
7  extent it seeks records pertaining to President Obama and "Barry Soetoro" is granted.

8  (2) Plaintiff's motion (Doc. #20) for a *Vaughn* index is denied.

9  (3) John Does 1-49 are dismissed.

10  DATED this 29th day of January, 2010.

11  FRANK R. ZAPATA
12  United States District Judge

---

16  should be excused as he constructively exhausted his remedies; however, such circumstances do not
17  excuse the failure to comply with the privacy agency regulations at issue. *See Ramsack v. Dep't of Army*, 607 F. Supp. 2d 94, 102-103 (D.D.C. 2009); *Lee v. DOJ*, 235 F.R.D. 274, 286 (W.D. Pa.
18  2006). Plaintiff argues that the public interest in the personal documents of Barry Soetoro ("aka Barack Obama") should somehow excuse compliance with applicable regulations; however, any
19  purported interest in such personal documents "falls outside the ambit of the public interest that the
20  FOIA was enacted to serve" as it does not further the purpose of the FOIA which is to "open agency action to the light of public scrutiny, to inform the public about what their government is up to."
21  *U.S. Dept. of Justice v. Reporters Committee for Freedom of Press*, 489 U.S. at 773 and 775. Plaintiff also argues that the agencies could release the documents at issue, but segregate or redact
22  personal information; however, as the requests focus on only "Barry Soetoro aka Barack Obama", any information contained in the documents would obviously reveal specific information pertaining
23  to the individuals at issue and undermine any privacy interests. *See Cotton v. Adams*, 798 F. Supp.
24  22, 27 (D.D.C. 1992); *Schonberger v. NTSB*, 508 F. Supp. 941, 945 (D.D.C. 1981). Furthermore, to the extent Plaintiff requests a "*Vaughn*" index from the Defendants to justify non-disclosure of
25  all the documents to the Court, such a requirement is unwarranted as Plaintiff failed to perfect his
26  FOIA requests by not complying with the applicable regulations; as such, the agencies were not required to search for the documents in question and do not have any documents to index as they
27  appropriately did not search for the documents at issue. *See Judicial Watch, Inc. v. Clinton*, 880 F.Supp. 1, 11 (D.D.C. 1995).

- 4 -