TONY WEST
Assistant Attorney General
ELIZABETH J. SHAPIRO
Deputy Branch Director
BRIGHAM J. BOWEN (DC Bar No. 981555)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
Post Office Box 883
Washington, D.C.  20044
Tel: (202) 514-6289
Fax: (202) 307-0449
brigham.bowen@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

| | |
|---|---|
| KENNETH ALLEN,<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY and U.S. DEPARTMENT OF STATE, *et al.*,<br><br>    Defendants. | 09-CV-00373-TUC-FRZ<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff appears to believe that the Court's February 2010 order requiring the parties to file a status report (and the parties' subsequent discussions regarding that report) somehow entitles him to compel Defendants to provide documents in response to his Freedom of Information Act ("FOIA") requests "by a date certain." Pl.'s Mot. to Compel [Dkt. #37] at 3. His motion is both misguided and unnecessary. Pursuant to the Court's order, the parties have conferred and agreed to a summary judgment briefing schedule. *See* Feb. 8, 2010 Order [Dkt. #29]; Status Rpt. [Dkt. #33]. Inherent to this agreement was the parties' contemplation that prior to Defendants' summary judgment deadline, Defendants would complete processing of, and release any non-exempt records responsive to, Plaintiff's FOIA requests. Status Rpt. As noted in the report, Defendants estimated that searches for records would be completed by June 30. *Id.* at 3. Given this agreed-upon schedule, there is neither reason nor

any basis for an additional order from the Court compelling any expedited release.

In seeking expedited processing, Plaintiff misconstrues both the nature of the Court's February order and, by counsel's recollection, the nature of the parties' discussions. As to the former, the order merely required the filing of a status report, and the parties complied with this requirement on March 12, 2010. As to the latter, in the course of discussing the status report, Defendants' counsel may have suggested the <u>possibility</u> that processing of some documents could be completed by mid-spring, but such a suggestion would have been, at best, an estimate. *See* Pl.'s Mot. at 1. In any event, Plaintiff's notion that such an estimate, if given, would have constituted any kind of binding commitment is belied by the status report signed by the parties. As expressly stated in the report, Defendants "<u>anticipate[d]</u> that the searches will be complete on or before June 30, 2010." Status Rpt. at 3 (emphasis added). Although Defendants may require additional time to process Plaintiff's requests beyond this estimated date for completion of the searches, Defendants fully expect that processing will be completed prior to August 5 (the filing deadline).[1] Accordingly, the expedited release Plaintiff seeks is not only unwarranted, but shortly also will be moot.

Finally, Defendants observe that Plaintiff's motion is brought as a discovery motion under LRCiv 37.1. Pl.'s Mot. at 1. Such motions may not be considered or decided absent a statement "certifying that after personal consultation and sincere efforts to do so, counsel have been unable to satisfactorily resolve the matter." LRCiv 7.2(j). Plaintiff did not consult with Defendants' counsel prior to filing his motion. Plaintiff states that he "has conferred with the opposing counsel," Pl.'s Mot. at 3, but the only relevant consultations that have taken place here were undertaken in conjunction with the filing of the parties' March status report. As to this motion, there was no consultation. *See* LRCiv. 7.2(j), (k).

---

[1] Defendants' only binding obligation with respect to processing is the agreed-upon summary judgment schedule, which contemplates that processing will be completed prior to August 5, 2010.

2

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to compel should be denied.

Dated: June 7, 2010                              Respectfully submitted,

                                                 TONY WEST
                                                 Assistant Attorney General

                                                 ELIZABETH J. SHAPIRO
                                                 Deputy Branch Director

                                                  *s/ Brigham J. Bowen*
                                                 BRIGHAM J. BOWEN
                                                 Trial Attorney
                                                 United States Department of Justice
                                                 Civil Division, Federal Programs Branch
                                                 Tel: (202) 514-6289
                                                 Fax: (202) 307-0449
                                                 brigham.bowen@usdoj.gov

                                                 Mailing Address:
                                                 Post Office Box 883
                                                 Washington, D.C.  20044

                                                 Courier Address:
                                                 20 Massachusetts Ave., N.W.
                                                 Washington, D.C. 20001

                                                 *Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 7, 2010, I caused a copy of the foregoing document to be sent via first-class mail, postage pre-paid, to:

    Kenneth L. Allen
    10055 E. Gray Hawk Dr.
    Tucson, AZ 85730

June 7, 2010                                    *s/ Brigham J. Bowen*