FILED

**NOT FOR PUBLICATION**

JUL 23 2012

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KENNETH LEE ALLEN, | No. 11-15094 |
| Plaintiff - Appellant, | D.C. No. 4:09-cv-00373-FRZ |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY; UNITED STATES DEPARTMENT OF STATE, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, District Judge, Presiding

Submitted July 17, 2012[**]

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Kenneth Lee Allen appeals pro se from the district court's judgment

dismissing his Freedom of Information Act ("FOIA") action arising from the

denial of his request for information from defendants regarding President Barack

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Obama and "Barry Soetoro." We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cal. State Foster Parent Ass'n v. Wagner*, 624 F.3d 974, 978 (9th Cir. 2010), and we affirm.

The district court properly dismissed Allen's FOIA claims because, even assuming the public's interest in disclosure was at stake, Allen failed to comply with agency regulations requiring Allen to include the requisite third-party authorization. *See United States v. Steele (In re Steele)*, 799 F.2d 461, 466 (9th Cir. 1986) ("Where no attempt to comply fully with agency procedures has been made, the courts will assert their lack of jurisdiction under the exhaustion doctrine."); 6 C.F.R. § 5.3(a) (requirement that a FOIA request for information regarding living third parties must include a written authorization signed by that individual permitting disclosure of records); 22 C.F.R. § 171.12(a) (same).

Allen's remaining arguments are unpersuasive.

**AFFIRMED.**